## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------x

| | |
|---|---|
| CLARK R. HUFFMAN AND BRANDI K. WINTERS, individually and on behalf of all others similarly situated, | : : : : : |
| **Plaintiffs,** | : :   **CIV. NO.** |
| vs. | : : |
| | :   **CLASS ACTION COMPLAINT** |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : : |
| **Defendant** | : : |

-------------------------------------------------------x

      1.     Plaintiffs, Clark R. Huffman and Brandi K. Winters, bring this action on behalf of themselves and all others similarly situated (the "Plaintiff Class" or "Class"), against The Prudential Insurance Company of America ("Defendant" or "Prudential"), showing the Court the following:

## I.   NATURE OF THE ACTION

      2.     This action involves claims brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA").   The action arises out of Prudential's practice of investing death benefits due under ERISA-governed employee benefit plans insured by Prudential for Prudential's own account without accounting fully to the beneficiaries for the profits Prudential earns through such investments.   Plaintiffs assert that this practice violates 29 U.S.C. §1104(a)'s requirement that plan fiduciaries, such as Prudential, discharge their duties with respect to ERISA plans solely in the interests of the plans' participants and beneficiaries,

and 29 U.S.C. §1106(b)'s prohibition against plan fiduciaries dealing with plan assets in their

own interest or for their own account.   Plaintiffs bring this action pursuant to ERISA §502(a)(3),

29 U.S.C. §1132(a)(3), to enjoin the practice and to obtain other appropriate equitable relief to

redress Prudential's violations of ERISA §§404 and 406, 29 U.S.C. §§1104 and 1106.

## II.   PARTIES – JURISDICTION

3.      Plaintiff Clark R. Huffman, a resident of the State of Iowa, and Plaintiff, Brandi

K. Winters, a resident of the State of Missouri, are brother and sister.

4.      The Prudential Insurance Company of America is a life insurance company that

conducts business, through its employees and agents, in New Jersey, Pennsylvania and

throughout the United States.   Prudential maintains its principal place of business at 751 Broad

Street, Newark, New Jersey.   Prudential maintains an office for the regular transaction of

business in this district at 2101 Welsh Road, Dresher, PA 19025.   With respect to the allegations

contained *infra*, Prudential is a fiduciary within the meaning of 29 U.S.C. § 1002 (21)(A), and

may be sued pursuant to 29 U.S.C. § 1132(a)(3). It is subject to the jurisdiction of this Court by

virtue of 28 U.S.C. § 1331 and 29 U.S.C.§1132(e)(1).

5.      Venue is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because (a)

Prudential may be found in this District, (b) the breaches of fiduciary duty complained of herein

took place, in whole or in part, in this District, (c) group insurance claims (*e.g.*, Exhibit A hereto)

are filed with Prudential's Group Life Claim Division, P.O. Box 8517, Philadelphia,

Pennsylvania 19101, located in this District, and/or (d) recipients of Claim Settlement

Confirmation forms (*e.g.*, Exhibit B hereto) are directed to correspond with Prudential Alliance

Account Services, P.O. Box 41582, Philadelphia, Pennsylvania 19176, located in this District.

6.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202 and 29 U.S.C. § 1132(a)(3).

### III.   THE PRUDENTIAL ALLIANCE ACCOUNT SCHEME

7.      At all times relevant to this action, Prudential issued group life insurance policies to fund ERISA-governed employee welfare benefit plans ("plans"), including, but not limited to, plans sponsored by JPMorgan Chase.

8.      The policies issued by Prudential to fund ERISA plans and the benefits payable under those plans are ERISA plan assets.   Plaintiff and the Plaintiff Class were beneficiaries of such policies and plans.

9.      With respect to death benefits of $10,000 or more due under the plans, instead of paying the benefits to the beneficiary by tendering a check for the amount due or otherwise transferring the funds to the beneficiary, Prudential informs the beneficiary that "[y]ou can hold the money in the account for safekeeping for as long as you like."

10.     Although Prudential's communications suggest that beneficiaries' benefits have been deposited into a Prudential Alliance Account, Prudential does not actually deposit any funds into the account.   Instead, Prudential retains and invests the proceeds for its own account. Only when a beneficiary's draft is presented for payment from a Prudential Alliance Account does Prudential deposit a corresponding amount of his or her death benefits into the Prudential Alliance Account.

11.     Until a beneficiary draws a draft on his or her Prudential Alliance Account and the draft is paid, Prudential retains and uses the funds for its own benefit and not for the exclusive purpose of providing benefits to its beneficiaries.

12.     Prudential earns more managing and investing the death benefits owed to the beneficiaries of the ERISA plans that it insures than it pays in interest in connection with the beneficiaries' Prudential Alliance Accounts.

13.     Prudential acts in a fiduciary capacity when it retains and invests death benefits due to beneficiaries of ERISA plans because such conduct involves the exercise of discretionary authority, responsibility and control in the administration and management of such plans, and the exercise of authority and control respecting the management and disposition of plan assets.   29 U.S.C. § 1002(21)(A).

14.     The profits that Prudential earns investing the death benefits of the beneficiaries of the ERISA plans that Prudential insures belong to the beneficiaries and not to Prudential.

### IV. PLAINTIFF'S TRANSACTIONS

15.     Susan M. Winters was a participant in the JPMorgan Chase Plan insured by Prudential, and her children, Clark R. Huffman and Brandi K. Winters, were two of the beneficiaries of the life insurance benefit provided under the JPMorgan Chase Plan.

16.     Susan M. Winters died on August 14, 2008.

17.     On or about September 4, 2008, Mr. Huffman and Ms. Winters, submitted, or caused to be submitted, a death benefit claim (copy attached as Exhibit A) to Prudential in accordance with the terms of the plan and policy.

18.     In due course, Prudential allowed the Plaintiffs' death benefit claim.

19.     Sometime before on or about October 31, 2008, Clark Huffman received an undated one page Claim Settlement Confirmation and letter (copy attached as Exhibit B) that states in pertinent part:

The Prudential Alliance Account is a popular settlement choice for

4

many beneficiaries.   I'm sure you'll agree, it offers you numerous benefits not available with other payment options[.]

With the Alliance Account you now have a simple, secure way to manage and access the funds.   **You can hold the money in the account for safekeeping for as long as you like**, and even leave it to a beneficiary if you choose.   **To access the money, you simply write a draft ("check")** for the amount you need.   See the reverse side of this letter for some additional information about your Alliance Account.

In this folder, you will find the following materials:
>  ...
>  Alliance Checkbook: Includes 15 personalized checks.
>  How the Alliance Account Works: Answers to frequently asked questions.

We thank you for placing your trust in Prudential during this time of transition.   Should you have questions, please call us at 1-877-ALLIANCE (1-877-255-4262).

Sincerely,
Alliance Account Services

[and on the reverse side as follows]

ACCESS TO FUNDS
Alliance Account funds are accessed by writing a draft ("check").

Checks may be made payable to you or to someone else.

Undated letter from Prudential to Clark Huffman (emphasis supplied).

20.     Sometime before on or about October 31, 2008, Brandi Winters received an undated one page Claim Settlement Confirmation and letter similar to, or substantially identical to, the document sent by Prudential to Clark Huffman (Exhibit B).

21.     The document referred to as "How the Alliance Account Works: Answers to frequently asked questions" in the undated letter from Prudential to Clark Huffman is entitled

"How the Alliance Account Settlement Option Works" (copy attached as <u>Exhibit C</u>).   The

"Answers to Frequently Asked Questions" page states in pertinent part:

> **When and how can I access the funds in my Alliance Account?**
> The funds in your Alliance Account are available immediately.
> Simply use the enclosed drafts ("checks") to access the account
> anytime you wish. ...
>
> <u>**How will I know how much money is in the account?**</u>
> You'll find the opening balance on the enclosed Confirmation,
> above the letter, included in this folder. ...
>
> **Is the money secure?**
> Yes.   The funds in your Alliance Account are safeguarded.   Your
>
> balance, including earned interest, is backed by the financial
>
> strength of The Prudential Insurance Company of America - one of
>
> the largest life insurance companies in the U.S.   For more than
>
> 130 years Prudential has been helping to grow and protect the
>
> wealth of millions of satisfied customers.

How the Alliance Account Settlement Option Works (bolded emphasis in original, underlined

emphasis supplied).

22.   Another document received by Mr. Huffman entitled "Benefits of the Prudential

Alliance Account Settlement Option" (copy attached as <u>Exhibit D</u>) states in pertinent part:

> **Freedom**
> With a Prudential Alliance Account you have the freedom to take
> as much time as you need to make important financial decisions,
> while earning interest.
>
> **Convenience**
> Accessing the funds in the account is as simple as writing a check.
>
> **Control**
> Only you have access to the <u>funds in your Alliance Account</u>.

**Flexibility**
You can leave the <u>money in your account</u> for as long as you like, withdraw it over time, or take the full balance out whenever you want.

**Security**
Your entire fund balance is backed by the financial strength of The

Prudential Insurance Company of America - one of the largest

insurance companies in the U.S.

Benefits of the Prudential Alliance Account Settlement Option (bolded emphasis in original, underlined emphasis supplied).

23.     Prudential did not transfer any funds to the Prudential Alliance Account when it established the accounts for Plaintiffs.

24.     Prudential invested the death benefits owed to Plaintiffs for its own account and not for the exclusive purpose of providing benefits to Plaintiffs and earned more through such investments than the interest that it paid to Plaintiffs in connection with their Accounts.

25.     The profits that Prudential earned while investing Plaintiffs' death benefits in a fiduciary capacity belong to Plaintiffs and the Plaintiff Class and not to Prudential.

## V.   PRUDENTIAL'S DUTIES IN CONNECTION WITH THE PLAN

26.     Prudential was obligated to discharge its duties with respect to the plans "solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries," 29 U.S.C. § 1104(a)(1)(A)(i), and was prohibited from engaging in transactions prohibited by 29 U.S.C. § 1106, including "deal[ing] with the assets of the plan in [its] own interest or for [its] own account."

27.     To the extent that any language in an ERISA-governed plan or a group life

insurance policy insuring such plan purports to authorize Prudential to retain and invest benefits payable under the policy or plan for Prudential's own account, Prudential would be prohibited from doing so because ERISA requires plan fiduciaries to discharge their duties in accordance with a plan's terms only to the extent that its terms are consistent with ERISA, and because the investment of such benefits for Prudential's account violates ERISA's fiduciary standards and prohibited transaction rules.

## VI.   PRACTICES COMPLAINED OF

28.     Prudential breached its fiduciary duties and engaged in prohibited transactions by using and investing the death benefits due to Plaintiffs and the Plaintiff Class for its own account and not for the exclusive purpose of providing benefits to Plaintiffs and the Plaintiff Class without fully accounting to Plaintiffs and the Plaintiff Class for the monies it earned through such investments.

29.     Prudential has been unjustly enriched in the amount of the profits it has earned through the above-described practices.   Prudential holds the profits it has earned through such practices in constructive trust for the benefit of Plaintiffs and the Plaintiff Class and should be ordered to account for and disgorge such profits to Plaintiffs and the Plaintiff Class.

## VII.   CLASS ALLEGATIONS

30.     Plaintiffs bring this action on behalf of a class pursuant to the provisions of Federal Rules of Civil Procedure 23 (a), (b)(1), (b)(2) and/or (b)(3).

31.     Plaintiffs and the class members that they seek to represent are beneficiaries of policies issued by Prudential.

32.     The class consists of all persons who satisfy each of the following criteria:

    a.     At any time after the date six years immediately preceding the filing of this complaint, and continuing to the present;

    b.     They were beneficiaries under ERISA-governed employee welfare benefit plans that were insured by group life insurance policies issued by Prudential; and

    c.     Under which Prudential "paid" death benefits through the creation of a Prudential Alliance Account.

33.     Excluded from the class are Prudential and its directors, officers, employees, parents, affiliates and subsidiaries, their successors, agents, legal representatives, heirs and assigns, and any persons controlled by any excluded person.

34.     The class is so numerous that joinder of all members is impractical.   The class is composed of more than 10,000 class members.

35.     The named Plaintiffs' claims are typical of the claims of the Plaintiff Class.   All of the claims are based on the same factual and legal theories.

36.     Plaintiffs will fairly and adequately protect the interests of the class.   They are committed to litigating this matter vigorously.   Plaintiffs have retained counsel experienced in handling class claims involving unlawful insurance and business practices and ERISA violations. Neither Plaintiffs nor Plaintiffs' counsel has any interest that might cause them not to pursue this action vigorously.

37.     Class certification under Fed. R. Civ. P. 23(b)(1) is appropriate in this action because prosecuting separate actions by or against individual class members would create a risk of either:

a.   inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

b.   adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

38.   Class certification under Fed. R. Civ. P. 23(b)(2) is appropriate in this action in that Prudential has acted on grounds that are generally applicable to the entire class, thereby making final injunctive relief and other corresponding declaratory and equitable relief appropriate with respect to the class as a whole.

39.   Class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because there are numerous questions of law and fact which are common to the class and which predominate over any questions affecting individual members of the Class, including, without limitation, the following:

a.   Whether Prudential engaged in the practices complained of;

b.   Whether Prudential was acting in a fiduciary capacity when it engaged in the practices complained of;

c.   Whether the practices complained of violate 29 U.S.C. § 1104:

d.   Whether the practices complained of violate 29 U.S.C. § 1106;

e.   The amount by which Prudential was unjustly enriched through the practices complained of;

f.      The equitable relief appropriate to redress Prudential's violations of ERISA, including whether Prudential should be ordered to cease the practice and disgorge the profits it has earned through the practice.

40.     Indeed, the only individual question would appear to be the amount of disgorged profits attributable to each class member, a matter which can be determined through use of Defendants' computers and records.

41.     As well, class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in this action because a class action is superior to other available methods for the fair and efficient adjudication of this controversy, in that:

a.      the effect of defendant's illegal practices on most individual class members is small, while establishing the illegality of the practices complained of -- violations of the exclusive benefit rule found in ERISA §404 and the prohibited transaction rules found in ERISA §406 -- is complex, so that prosecution of individual actions is impractical and not economically feasible;

b.      by contrast, the illegal profits obtained by Defendant as a result of its unlawful practices are enormous;

c.      in the absence of the class action device, Plaintiffs and class members would be left without a remedy for the wrongful acts alleged, and Defendant would be unjustly enriched;

d.      the prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to individual class members, which would establish incompatible standards of conduct for

11

Defendant, making concentration of the litigation concerning this matter in this Court desirable;

e.  no unusual difficulties are likely to be encountered in the management of this action as a class action.

## COUNT I – ERISA

42.  Plaintiffs incorporate the above allegations into this cause of action.

43.  By its actions as described herein, Prudential violated its fiduciary duty under 29 U.S.C. § 1104(a) to act solely in the interest of plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries.

44.  By its actions as described herein, Prudential engaged in transactions prohibited under 29 U.S.C. § 1106(b)(1) by dealing in ERISA plan assets in its own interest and for its own account.

WHEREFORE, Plaintiffs request that the Court grant the following relief in their favor and in favor of the Plaintiff Class and against Prudential:

a)  That the Court enter an order certifying the claims of the named Plaintiffs and all other persons similarly situated as a class action, and further appointing Plaintiffs as the class representatives and Plaintiffs' counsel as counsel for the Class;

b)  That the Court declare that (i) Prudential has violated ERISA; (ii) Prudential has been unjustly enriched as a result of its violations of ERISA; (iii) Prudential is holding in constructive trust all of the monies that it earned through its violations of ERISA; and (iv) Plaintiffs and the Plaintiff Class are entitled to an order directing Prudential to disgorge all of the monies that it earned through its unlawful practices;

c)     That the Court order Prudential to disgorge all of the illicit monies that it has earned from its illegal acts and thereafter distribute those monies equitably;

d)     That the Court issue appropriate injunctive relief enjoining Prudential's violations of ERISA;

e)     That the Court award attorney's fees, expenses, and costs as allowed by law; and

f)     That Plaintiffs and the Plaintiff Class have any and all such further relief that this Court may deem just and proper.

Dated: September 30, 2010

Respectfully submitted,

Cary L. Flitter
Theodore E. Lorenz
LUNDY, FLITTER, BELDECOS & BERGER, PC
450 North Narberth Avenue
Narberth, Pennsylvania 19072
(610) 822-0782
(610) 667-0552 (fax)

Stuart T. Rossman
Charles M. Delbaum
Arielle Cohen
THE NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
(617) 542-8010
(617) 542-8028 (fax)

John C. Bell, Jr.
Leroy W. Brigham
BELL & BRIGHAM
Post Office Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014

13

(706) 722-7552 (fax)

Jeffrey G. Casurella
LAW OFFICES OF JEFFREY G. CASURELLA
3350 Riverwood Parkway, Suite 1900
Atlanta, Georgia 30339
(770) 984-5325
(770) 984-5326 (fax)

M. Scott Barrett
BARRETT & ASSOCIATES
320 West 8th St., Suite 100
P.O. Box 5233
Bloomington, IN 47407-5233
(812) 334-2600
(812) 336-5615 (fax)

Helen Cleveland
CLEVELAND, GAMBLE, GILBREATH, LLC
945 East Paces Ferry Road
Suite 2700 Resurgens Plaza
Atlanta, GA 30326
(404) 760-2792
(404) 941-2983 (fax)

**Attorneys for Plaintiffs**

(*Pro Hac Vice* applications to be filed for out of
state counsel)

Exhibit Summary

| | |
|---|---|
| Exhibit A | Death benefit claim |
| Exhibit B | Undated one page Claim Settlement Confirmation and letter |
| Exhibit C | How the Alliance Account Settlement Option Works |
| Exhibit D | Benefits of the Prudential Alliance Account Settlement Option |

Exhibit A

Exhibit A

# Prudential Financial

**Group Insurance**

Please send the completed form and all attachments to:
The Prudential Insurance Company of America
Group Life Claim Division
P.O. Box 8517
Philadelphia, PA 19101

## Group Life Insurance Claim Form (Use for employee/member and dependent death claim)

**Group Insurance Contract Holder Statement** To be completed by Employer/Plan Administrator. Please complete all five sections.

**1 Deceased's Information**

First Name: **Susan**
MI: **M**
Last Name: **Winters**

Social Security Number: [redacted]
Date of Birth (mo/dy/yr): [redacted]
Date of Death (mo/dy/yr): **08-14-2008**

Gender: ☐ Male  ☑ Female
Relationship to Employee: ☑ Employee  ☐ Spouse  ☐ D/M  ☐ Other
State of Residence: **MD**

Did employee have accidental death coverage? ☐ Yes  ☐ No
Date of Accident (mo/dy/yr): | | | | | | | |
State of Accident: | | |

NOK First Name: | |
Last Name: | |

**2 Employee/Member Information**

First Name: **Susan**
MI: **M**
Last Name: **Winters**

Social Security Number: [redacted]
Date of Birth (mo/dy/yr): [redacted]

Date of Employment (mo/dy/yr): **11-07-2005**
☐ Hourly  ☐ Salary  ☐ Union  ☐ Non-union  ☐ Part Time  ☑ Full Time
Date Last Worked (mo/dy/yr): **08-14-2008**

Occupation: | |
Where Employed: | |

If not actively at work immediately prior to death, what was the reason?
☐ Disability  ☐ Leave of Absence  ☐ Vacation  ☐ Discharge
☐ Resigned  ☐ Retired  ☐ Temporary Layoff  ☐ Other

Street Address (where employed): | | | | | | | | | | | | | | | | | | |  Apt: | | | |
City: | | | | | | | | | | | | | | | | | | |  State: | |  ZIP Code: | | | | | | |

**3 Employer/Association Information**

Employer's Name: **JPMORGAN CHASE c/o Jackie Evans**
Street: **1111 Fannin Street**  Suite: **1110**
City: **Houston**  State: **TX**  ZIP Code: **77002** | | | |
Telephone Number: **(713) 750-2625**

# Prudential 🌐 Financial

Decedent's Social Security Number

**Insurance Coverages**

Complete only the coverage(s) that apply to this claim.

| Group Coverage | Control Number | Amount | Effective Date of Coverage (mm/dd/yy) | Death |
|---|---|---|---|---|
| ☑ Basic Term Life | 02042 | $ 80000.00 | 01-01-2008 | |
| ☑ Optional Term Life | 22454 | 210000.00 | 12-01-2005 | |
| ☐ Dependent Term Life | | | | |
| ☐ Dependent Optional Term Life | | | | |
| ☐ Group Universal Life | | | | |
| ☐ Group Variable Universal Life | | | | |
| ☐ Dependent Group Universal Life | | | | |
| ☐ Dependent Group Variable Universal Life | | | | |
| ☐ Accidental Death | | | | |
| ☐ Group Universal Accidental Death | | | | |
| ☐ Dependent Accidental Death | | | | |
| ☐ Optional Accidental Death | | | | |
| ☐ Dependent Optional Accidental Death | | | | |
| ☐ Dependent Group Universal Accidental Death | | | | |
| ☐ Business Travel Accidental Death | | | | |
| ☐ Dependent Business Travel Accidental Death | | | | |

Salary Amount on Last Day Worked

☐ Hour ☐ Week ☐ Month ☐ Year

Was insurance ever assigned? ☐ Yes ☑ No

If yes, please attach a copy of assignment and all related papers. For collateral assignment, please attach assignee's statement of indebtedness.

Was insurance percentage increased in last two years? ☐ Yes ☑ No

If yes, provide date (mm/dd/yy)

Was insurance of incapability required to secure current coverage? ☐ Yes ☑ No

Is this contributory insurance? ☐ Yes ☑ No

Date Last Premium Paid (mm/dd/yy)

Was insurance in force at date of death? ☑ Yes ☐ No

Has provide date (mm/dd/yy)

Insurance Terminated

Conversion Privilege Offered (mm/dd/yy)

Did the employer and/or the covered dependent suffer a loss as defined by the FFA contract? ☐ Yes ☑ No

If yes, an officer of the company must provide a written statement explaining the circumstances of the accidental death.

## Prudential Financial

Decedent's Social Security Number

☑ **Payment Information**

Shall payment to: ☐ Employer or address Employee Spouse? ☑ Beneficiary(ies) at address(es) listed below ☐ Other (please specify in space below)

Please provide the following information about the beneficiary(ies). If the claim is for a dependent child, list the employee as beneficiary.

**Name of Beneficiary**
Dawn Garcia

Date of Birth (mm/dd/yyyy)

**Social Security Number**

**Relationship to Deceased**
Daughter

**Telephone Number**
(712) 333-6144

Apt

**Residence Street**
508 Elizabeth Blvd

**City**
Anthon

**State**
IA

**ZIP Code**
51004

---

**Name of Beneficiary**
Clark Huffman

Date of Birth (mm/dd/yyyy)

**Social Security Number**

**Relationship to Deceased**
Son

**Telephone Number**
(712) 373-5077

Apt

**Residence Street**
111 Randolph Street

**City**
Anthon

**State**
IA

**ZIP Code**
51004

---

**Name of Beneficiary**
Brandi Winters

Date of Birth (mm/dd/yyyy)

**Social Security Number**

**Relationship to Deceased**
Daughter

**Telephone Number**
(417) 268-5686

Apt

**Residence Street**
596 E Montrose Drive

**City**
Springfield

**State**
MO

**ZIP Code**
65810

---

Completed by (name of representative of the employer or benefit administrator)

Please print
or type name: Jacqueline Evans

Date (mm/dd/yyyy)
09-04-2008

Signature X _(signature)_

Exhibit B

Exhibit B

# CLAIM SETTLEMENT CONFIRMATION

*This confirms that the proceeds of your claim are now available through the Alliance Account Settlement Option.*

Clark R. Huffman
111 Randolph Street
Anthon IA 51004

Account Number: 2003588353
Opening Balance: $96,666.66
Current Interest: 1.00%
Annual Yield: 1.00%

If you have questions, please call 1-877-ALLIANCE (1-877-255-4262), Monday through Friday 8 a.m. to 8 p.m. Eastern time, to speak with a Customer Service Representative. Or, access automated account information by calling this number any day, 24 hours a day.

Or write:
Prudential Alliance Account Services, The Prudential Insurance Company of America
PO Box 41582, Philadelphia, PA 19176
(Please be sure to include your account number on all written correspondence.)



Dear Clark R. Huffman,

The Prudential Alliance Account is a popular settlement choice for many beneficiaries. I'm sure you'll agree, it offers you numerous benefits not available with other payment options.

With the Alliance Account you now have a simple, secure way to manage and access the funds. You can hold the money in the account for safekeeping for as long as you like, and even leave it to a beneficiary if you choose. To access the money, you simply write a draft ("check") for the amount you need. See the reverse side of this letter for some additional information about your Alliance Account.

In this folder you will find the following materials:

- Information Request Form: This form is used to designate your beneficiary. Please complete and return it immediately in the postage-paid envelope provided.
- Alliance Checkbook: Includes 15 personalized checks.
- How the Alliance Account Works: Answers to frequently asked questions.

We thank you for placing your trust in Prudential during this time of transition. Should you have questions, please call us at 1-877-ALLIANCE (1-877-255-4262).

Sincerely,
Alliance Account Services

Open Solutions BIS, Inc. is the Administrator of the Prudential Alliance Account Settlement Option, a contractual obligation of The Prudential Insurance Company of America, located at 751 Broad Street, Newark, NJ 07102-3777. Check clearing is provided by JPMorgan Chase Bank, N.A. and processing support is provided by Integrated Payment Systems, Inc. Alliance Account balances are not insured by the Federal Deposit Insurance Corporation (FDIC). Open Solutions BIS, Inc., JPMorgan Chase Bank, N.A., and Integrated Payment Systems, Inc. are not Prudential Financial companies.

Prudential, Prudential Financial, the Rock Logo, and the Rock Prudential Logo are registered service marks of The Prudential Insurance Company of America, Newark, NJ and its affiliates

Ed. 03/2008

# SOME IMPORTANT INFORMATION
# ABOUT THE ALLIANCE ACCOUNT

**ACCESS TO FUNDS**
Alliance Account funds are accessed by writing a draft ("check"). Checks may be made payable to you or to someone else. Withdrawals cannot exceed the amount of funds available. If you wish to cash a check, you can do so at your own banking institution.

**ACCOUNT INTEREST**
Interest is compounded daily and credited every month. The interest rate may change but not more than monthly.

**ADDITIONS TO FUNDS**
Only eligible payments from other Prudential insurance policies or contracts may be added to the Alliance Account. You cannot add funds to the Alliance Account.

**CHANGES**
The Prudential Insurance Company of America reserves the right to revise this information as necessary and if this occurs, you will be notified

**CLOSING THE ACCOUNT AND MINIMUM BALANCE**
If the balance falls below $250, you will receive a check for the remaining balance plus interest at the end of the monthly cycle in which the balance fell below $250. You can close the Alliance Account anytime by calling our Customer Service office 8 a.m. to 8 p.m. Eastern time, Monday through Friday. A check for the remaining balance and interest will be sent to you. Or, you can close the account by writing an Alliance check for the balance and cashing it or depositing it at your own bank. A check for the remaining accrued interest will be sent to you.

**FEES FOR SPECIAL SERVICES**
All checks and basic services are provided at no charge. Fees will be charged against the account for special services. Some of these are listed below:

| | |
|---|---|
| Checks returned unpaid | $10 per return |
| Stop payment orders | $12 per request |
| Copies of individual checks or statements | $2 per copy |

Stop payments and copies of cancelled checks or statements may be requested through Alliance Account Customer Service, Monday through Friday between 8 a.m. and 8 p.m. Eastern time. The toll-free number is 1-877-ALLIANCE (1-877-255-4262).

**TAXATION**
Interest earned on the Alliance Account may be reported to the Internal Revenue Service every year. If the account earns $10 or more interest in any calendar year, Prudential will send a 1099-INT form for tax reporting purposes. For any questions regarding taxation a tax advisor should be consulted.

**TRANSFER OPTIONS**
Funds may be transferred from the Alliance Account to any other available Prudential settlement options anytime, at no cost.

QUESTIONS? CALL 1-877-ALLIANCE
(1-877-255-4262)



Exhibit C

Exhibit C



# ANSWERS TO FREQUENTLY ASKED QUESTIONS

*As you begin to use your Alliance Account you may find that you have questions about how the account works. To help you, we've provided a number of commonly asked questions, along with their answers.*

### When and how can I access the funds in my Alliance Account?
The funds in your Alliance Account are available immediately. Simply use the enclosed drafts ("checks") to access the account anytime you wish. You can write a check to yourself (which you can cash or deposit at your own bank) or write a check to another person or to any business as you need your funds.

### How will I know how much money is in the account?
You'll find the opening balance on the enclosed Confirmation, above the letter, included in this folder. You will receive regular statements showing your current balance, the interest you've earned, checks you've written, and any other account activity. You can also check your account balance 24 hours a day using the automated account information system at 1-877-ALLIANCE . . . (1-877-255-4262).

### Is the money secure?
Yes. The funds in your Alliance Account are safeguarded. Your balance, including earned interest, is backed by the financial strength of The Prudential Insurance Company of America – one of the largest life insurance companies in the U.S. For more than 130 years Prudential has been helping to grow and protect the wealth of millions of satisfied customers.

### Do the funds in the account earn interest?
Yes. Your funds begin earning interest immediately. Interest is compounded daily and credited every month. The interest rate may change, but not more than once a month. The opening interest rate and annual yield are also printed on your enclosed Confirmation.

### How long can I leave the funds in my Alliance Account?
You can leave the money in the account for as long as you want. One of the benefits of the Alliance Account that customers like most is the time it allows them to consider their options. Important financial decisions – even under the best of circumstances – should not be made quickly.

### Can I make deposits to my account?
No, individuals cannot make deposits into an Alliance Account. Only eligible payments from other Prudential insurance policies or contracts may be added to the Alliance Account. If you are the recipient of additional Prudential life insurance or annuity proceeds, only one Alliance Account Settlement Option will be set up for all proceeds.

### How do I get more checks if I need them?
Additional personalized checks can be ordered at no charge by calling our automated system anytime, 24 hours a day, seven days a week at 1-877-ALLIANCE (1-877-255-4262). To speak directly with a Customer Service Representative, please call between 8 a.m. and 8 p.m. Eastern time, Monday through Friday.

### What if I want to close my Alliance Account?
You can close the account by calling the Customer Service office. A check for the remaining balance and interest will be sent to you. Or, you can close the account by writing an Alliance check for the balance and cashing it or depositing it at your own bank. Since interest accrues daily, a check for the remaining accrued interest will be sent to you. The account will close automatically if the balance falls below $250. If this happens, a check for the balance and any accrued interest will be sent directly to you at the end of the month.

 **Prudential**

**Customer Service: 1-877-ALLIANCE (1-877-255-4262)**
If you have additional questions, or need more information, call our dedicated Customer Service line at any time. You can speak to a representative directly Monday through Friday between 8 a.m. and 8 p.m., Eastern time. After hours you can still call this number and use our automated system to order checks, check your account balance, and learn the current interest rate.

Open Solutions BIS, Inc. is the Administrator of the Prudential Alliance Account Settlement Option, a contractual obligation of The Prudential Insurance Company of America, located at 751 Broad Street, Newark, NJ 07102-3777. Check clearing is provided by JPMorgan Chase Bank, N.A. and processing support is provided by Integrated Payment Systems, Inc. Alliance Account balances are not insured by the Federal Deposit Insurance Corporation (FDIC). Open Solutions BIS, Inc., JPMorgan Chase Bank, N.A., and Integrated Payment Systems, Inc are not Prudential Financial companies.

Prudential, Prudential Financial, the Rock Logo, and the Rock Prudential Logo are registered service marks of The Prudential Insurance Company of America, Newark, NJ and its affiliates.

0078D0

Exhibit D

Exhibit D



# BENEFITS OF
# THE PRUDENTIAL ALLIANCE ACCOUNT
# SETTLEMENT OPTION

**Freedom**
With a Prudential Alliance Account you have the freedom to take as much time as you need to make important financial decisions while earning interest.

**Convenience**
Accessing the funds in your account is as simple as writing a check.

**Control**
Only you have access to the funds in your Alliance Account.

**Flexibility**
You can leave the money in your account for as long as you like, withdraw it over time, or take the full balance out whenever you want.

**Security**
Your entire fund balance is backed by the financial strength of The Prudential Insurance Company of America, one of the largest insurance companies in the U.S.

**Support**
The Alliance Account has a toll-free number, 1-877-ALLIANCE (1-877-255-4262), with 24-hour automated account information. You can also speak with our dedicated Customer Service Representatives, Monday through Friday, 8 a.m. to 8 p.m. Eastern time.



For questions or information about your account, please call
1-877-ALLIANCE (1-877-255-4262).



Prudential

Open Solutions RIS, Inc. is the Administrator of the Prudential Alliance Account Settlement Option, a contractual obligation of The Prudential Insurance Company of America, 751 Broad Street, Newark, NJ 07102-3777. Check clearing is provided by JPMorgan Chase Bank, N.A. and processing support is provided by Integrated Payment Systems, Inc. The Alliance Account balances are not insured by the Federal Deposit Insurance Corporation (FDIC). Open Solutions RIS, Inc., JPMorgan Chase Bank, N.A. and Integrated Payment Systems, Inc. are not Prudential Financial companies.

Prudential, Prudential Financial, the Rock logo and the Rock Prudential logo are registered service marks of The Prudential Insurance Company of America, Newark, NJ, and its affiliates.