IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

CLARK R. HUFFMAN, BRANDI K.
WINTERS, PATRICIA L. GRANTHAM,
and LINDA M. PACE, individually and
on behalf of all others similarly situated,

        Plaintiffs,                      Civ. Action No. 2:10-CV-05135-JFL

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Defendant

---

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs Clark R. Huffman, Brandi K. Winters, Patricia L. Grantham, and Linda M. Pace respectfully move for Class Certification of a class consisting of all persons who satisfy each of the following criteria:

    a.    At any time after September 29, 2004 (the date six years immediately preceding the filing of the complaint) and continuing to the present, were beneficiaries under ERISA-governed employee welfare benefit plans that were insured by group life insurance policies issued by Prudential, which:

        i.    Contained the payment language, "Life Insurance is normally paid to the Beneficiary in one sum;" and

        ii.    Did not contain the language: "Subject to applicable law, where the amount of the benefit meets Prudential's current minimum requirement, payment in one sum will be made by establishing a retained asset account in the Beneficiary's name, unless the Beneficiary elects another settlement or payment option available at the time of claim, and the benefit distribution will be deemed complete when the account is established;" and

    b.    Prudential retained their death benefits.

The grounds for this Motion are explained and supported by the accompanying Memorandum and the Plaintiffs' Declarations and exhibits, which Plaintiffs incorporate herein.[1]

Respectfully submitted:

DATED: February 16, 2016

/s/ Cary L. Flitter
Cary L. Flitter
Andrew M. Milz
Flitter Milz, P.C.
450 N. Narberth Avenue
Narberth, Pennsylvania 19072
(610) 822-0782 tel
(610) 667-0552 fax
cflitter@consumerslaw.com

John C. Bell, Jr. (admitted *pro hac vice*)
Lee W. Brigham (admitted *pro hac vice*)
BELL & BRIGHAM
Post Office Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014 tel
(706) 722-7552 fax
john@bellbrigham.com
lee@bellbrigham.com

M. Scott Barrett (admitted *pro hac vice*)
BARRETT WYLIE, LLC
320 W. 8th St., Suite 100 (47404)
P.O. Box 5233
Bloomington, Indiana 47407-5233
(812) 334-2600 tel
(812) 336-5615 fax
scott@barrettwylie.com

Stuart T. Rossman (admitted *pro hac vice*)
Yael Shavit (admitted *pro hac vice*)
THE NATIONAL CONSUMER
LAW CENTER
7 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
(617) 542-8010 tel
(617) 542-8028 fax

---

[1] The order, supporting memorandum of law, declaration and exhibits are being filed under seal in accord with ¶ 11 of this Court's order of February 14, 2012. (Doc. 64), a copy of which is attached.

srossman@nclc.org
yshavit@nclc.org

Attorneys for
Clark R. Huffman, Brandi K. Winters,
Patricia L. Grantham, and Linda M. Pace

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within Motion, Memorandum and Exhibits in support was served upon the attorney of record for each other party via email on February 16, 2016, and that a paper copy shall be served by delivery to Federal Express on February 16, 2016, for overnight delivery.

*<u>/s/ Cary L. Flitter</u>*

Cary L. Flitter
Andrew M. Milz
Flitter Milz, P.C.
450 N. Narberth Avenue
Narberth, Pennsylvania 19072
(610) 822-0782 tel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLARK R. HUFFMAN and BRANDI K. )
WINTERS, individually and on behalf of all )
others similarly situated, )
)
)
Plaintiffs, )
)
) CIV. A. NO. 2:10-CV-05135 (EL)
v. )
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA, )
)
Defendant. )

## DISCOVERY CONFIDENTIALITY ORDER

The Court being fully advised and for good cause shown, hereby enters the following **ORDER**:

1.  The purpose of this Order is to prevent the disclosure of materials deemed confidential to persons or entities other than those involved in the prosecution or defense of this litigation; to expedite the exchange of discovery material between the Parties; to facilitate the prompt resolution of disputes over confidentiality; to protect adequately that material entitled to be kept confidential; and to ensure that confidentiality is afforded to all material so entitled. The Order is necessary to protect the Parties and other persons from potential annoyance and embarrassment, as well as to safeguard business and proprietary information. It is reasonably anticipated that there may be confidential personnel information relating to Prudential's current and former employees; tax and financial information and other private and confidential documents regarding the Parties and non-parties; and trade secrets and other confidential information or commercial information related to Prudential's business. Disclosure to the public

of such confidential information is not necessary, and that the privacy interests in such confidential information substantially outweighs the public's right of access to that information. Good cause exists for the issuance of a protective order, and if the confidential information were known in the general community, such information could lead to embarrassment, humiliation, injury, and/or unfair business or competitive advantage.

2. The following terms and conditions shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission and any other information or material produced, given or exchanged by and among the Parties and any non-parties to this litigation (including without limitation any non-party that seeks to intervene or to object to any of the proceedings in this litigation) in connection with discovery in the above-captioned action (the "Litigation") (such information or material hereinafter referred to as "Discovery Material").

3. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation.

4. Any party or non-party who provides or has provided Discovery Material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Order and Fed. R. Civ. P. 26(c), if such party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary, commercially, or personally sensitive information, including without limitation sensitive financial information or trade secrets, that requires the protections provided in this Order ("Confidential Discovery Material"). No party or third party shall designate any document or information as "Confidential" without a reasonable good faith belief that such information

2

meets the standards for "good cause" for the entry of a protective order pursuant to the law in the Third Circuit, including Third Circuit standards that the disclosure of the Discovery Material will cause a "clearly defined and serious injury," and/or relating standards regarding documents or information containing or derived from trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure.

5. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any party to this Litigation or Producing Party.

(a) In the case of documents or other materials (apart from depositions or other pretrial testimony), or any parts thereof: by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material unless otherwise indicated by the Producing Party; <u>provided</u> that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order (as provided in Paragraph 13).

(b) In the case of depositions or other pretrial testimony, or any parts thereof: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within fourteen (14) business day after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of

3

the transcript containing any Confidential Discovery Material. All depositions and other pretrial testimony shall be deemed to be "Confidential" for a period of fourteen (14) business days after receipt of the transcript of the deposition, after which time such depositions or pretrial testimony shall be treated in accordance with its designation, if any. Only those portions of the transcript designated as "Confidential" shall be deemed Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Counsel may challenge the confidential designation of any information in a deposition transcript in the manner provided by Paragraph 21 of this Order.

(c)   If testimony during a deposition is designated on the record as being "Confidential" pursuant to this Order, no one shall be present for that portion of the deposition testimony containing Confidential Discovery Material, except the deponent, counsel representing the parties and the deponent, the court reporter and/or videographer, and any other person otherwise permitted to access such material pursuant to Paragraph 5 of this Order.

6.   All copies of any documents containing Confidential Discovery Material shall constitute and be treated as Confidential as provided in this Order. Any person making, or causing to be made, copies of any Confidential Discovery Material shall make certain that each such copy bears the appropriate stamp pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the parties by which documents or other materials may be copied by the Producing Party.

7.   Discovery Material designated "Confidential" may be disclosed, revealed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Outside counsel for any party in this Litigation whose law firm has entered an appearance in this Litigation, and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of this Litigation for use in accordance with this Order;

(b) In-house counsel for any party if such in-house counsel is participating in this Litigation;

(c) Subject to paragraph 8, retained experts or retained consultants assisting counsel in this Litigation and their employees and clerical assistants, provided that such expert or consultant is not currently a direct competitor of any party to this Litigation as far as can reasonably be determined;

(d) Subject to paragraph 8, witnesses or deponents and their counsel;

(e) The named parties, and present or former directors, officers, employees, or professional members of the named parties, or any subsidiary or affiliate thereof, who are assisting counsel in this Litigation, or who appear as witnesses or deponents;

(f) Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

(g) Subject to paragraph 8, any other person upon order of the Court or stipulation of the counsel to the parties to this Litigation;

(h) Defendant's insurers or their counsel; and

(i) The Court and its staff and supporting personnel including, but not limited to, court reporters, clerks, stenographic reporters, and videographers.

8. Before Confidential Discovery Material is disclosed to any person under Paragraph 7(c) or 7(d) or 7(g), each such person will execute a copy of the form attached as

Exhibit A agreeing to be bound by the terms and conditions of this Order. However, if a witness is to be shown Confidential Discovery Material for the first time at a deposition or hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness is informed of the Confidential Order and its terms.

9. Counsel for the party providing Confidential Discovery Material to any person required to execute a copy of the form attached as Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10. Any party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party within 14 business days of the production of such document, or such other time as may be agreed, provided that such document contains Confidential information of a designating party, in the following manner:

(a) Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the "Confidential" legend, to all other parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Within 10 business days of receipt of such notice, or such other time as may be agreed, any party receiving such notice and copy of the designated document pursuant to this subparagraph shall either (1) return to the designating party all undesignated copies of such document in their custody or possession, (2) affix the "Confidential" legend to all copies of such designated document in their custody or possession, or (3) destroy all copies of such designated document in their custody or possession.

(b) Upon notice of designation pursuant to this Paragraph, the parties also shall: (1) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (2) take reasonable steps to notify any persons who

6

were provided copies of such designated document of the terms of this Order; and (3) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

(c) The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party. For any discovery that was served on a non-party prior to the date of this Order, the party who served the discovery shall provide the non-party with a copy of this Order within five days of the date this Order is entered by the Court.

11. If any party intends to file Confidential Discovery Material with the Court, any such Confidential Discovery Material must be filed with the Court under seal or in redacted form. All such Confidential Discovery Material shall not become part of the public record, but shall be part of the record considered by the Court on the issue or issues to which they may be relevant. Any filing with the Court containing Confidential Discovery Material shall not be filed electronically. Instead, the filing party shall file a notice of service containing the title of the document that has been filed under seal and the notice of service shall indicate that the document was filed under seal pursuant to this Order. In the event that any Confidential Discovery Material is used in any proceedings by this Court, it shall nonetheless retain its status as Confidential Discovery Material.

12. Prior to any dispositive motion hearings and/or trial in this Litigation, counsel for the Parties shall meet and confer to negotiate a proposal regarding the treatment of Confidential Discovery Material proposed to be used at such hearing or trial. Ultimately, the determination of treatment of Confidential Discovery Material at such hearing or trial will be determined by the Court.

13. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(a) Constitute an admission or adjudication that any document designated Confidential contains or reflects any trade secrets or is otherwise private, confidential, or proprietary information warranting protection;

(b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery due to an assertion that the requested discovery material is privileged or subject to protection as trial-preparation material, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) Prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

(d) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(e) Prejudice in any way the rights of any party to seek further protection or a determination by the Court whether any Discovery Material designated as Confidential should be subject to the terms of this Order; or

(f) Shift the burden of establishing that Discovery Material is Confidential from the Producing Party.

14. This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose. With respect to any document that has been produced in this Litigation and designated as Confidential by another party, should any party

claim to have received the document from another source without any restriction of confidentiality and seek to be relieved of the confidentiality restrictions of this Order with respect to that document, the party shall first seek the consent of the other parties. If the parties cannot agree as to whether the document(s) should be excluded from this Order, the parties shall submit the matter to the Court for resolution. Such motion shall be filed under seal, pursuant to as described in Paragraph 11.

15. If, in connection with this action, a Producing Party inadvertently produces or discloses information subject to a claim of attorney-client privilege, attorney work product protection, the joint defense privilege, and/or other privilege or protection ("Inadvertently Produced Information"), then in accordance with Federal Rule of Evidence 502(b) and (d), the production or disclosure of the Inadvertently Produced Information shall "not operate as a waiver in a Federal or State proceeding" except as provided in this Paragraph 15. If a receiving party receives Discovery Materials that obviously appear to be subject to attorney-client privilege, work product doctrine, the joint defense privilege, and/or other applicable privilege, and it is reasonably apparent that the Discovery Materials were provided or made through inadvertence, the receiving party must refrain from examining the Discovery Materials any more than is necessary to ascertain if the materials are privileged, and shall immediately notify the Producing Party in writing that he or she possesses Discovery Material that appears to be privileged. The procedure for handling Inadvertently Produced Information shall be as follows:

    a. If a Producing Party notifies a receiving party of a claim of Inadvertently Produced Information, within seven (7) days of service of the notice (or such other time as the parties mutually agree or the Court orders), the receiving party must return, sequester, or destroy all copies of the Inadvertently Produced

Information and provide a certification of counsel that all such Inadvertently Produced Information has been returned, sequestered, or destroyed. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the receiving party "must not use or disclose" the Inadvertently Produced Information "until the claim is resolved" and "must take reasonable steps to retrieve the information if the party disclosed it before being notified."

b. Within seven (7) days of service of the certification that such Inadvertently Produced Information has been returned, sequestered, or destroyed (or such other time as the parties mutually agree or the Court orders), the Producing Party shall provide with respect to the Inadvertently Produced Information the information required by Federal Rule of Civil Procedure 26(b)(5)(A).

c. If the receiving party disputes the claim of Inadvertently Produced Information, it and the Producing Party shall meet and confer in an attempt to resolve the dispute.

d. In the event that the parties cannot resolve the dispute, the receiving party may, pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), promptly move the Court "under seal for a determination of the claim."

e. If such a motion is made, the Producing Party shall submit to the court for in camera review a copy of the Inadvertently Produced Information at the same time it submits its papers in connection with the motion.

f. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the Producing Party "must preserve" the Inadvertently Produced Information "until the claim is resolved."

16. In the event that any question is asked at a deposition that involves or relates to a document that one party claims is subject to an applicable privilege or immunity but was inadvertently produced, and another party disputes the application of any such privilege or immunity, the non-producing party preserves its right to argue that the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, and the producing party preserves its right to argue that such testimony need not be provided on the basis of an applicable privilege or immunity. The failure of a party at a deposition to challenge the assertion of any privilege, work-product protection or immunity over any document shall not prejudice the right of such party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this Protective Order.

17. In the event that additional parties join or are joined in this Litigation, seek to intervene in any of these Litigations, or seek to object to any of the proceedings in any of these Litigations, they shall not have access to Confidential Discovery Material until such party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

18. The parties have agreed to be bound by the terms of this Order pending the entry by the Court of this Order.

19. The attorneys of record shall take reasonable measures to prevent the unauthorized disclosure or use of Confidential Discovery Material and are responsible for employing reasonable measures to control, consistent with the terms of this Order, the duplication of, access to, and distribution of, Confidential Discovery Material.

20. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including, without limitation, any appeals therefrom. Within ninety (90) days

after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material shall either make a good faith and commercially reasonable effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or to destroy all such Confidential Discovery Material and confirm that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain court papers, depositions, trial transcripts, and attorney work product, provided, however, that all such documents and information shall remain subject to this Protective Order to the extent they include Confidential Discovery Material.

21. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential or the application of any provision of this Order may, after first making a good faith effort to resolve any such objection, move promptly for an order vacating the designation or the application of said provision. Such motion shall be filed under seal pursuant to Paragraph 11. While such an application is pending (and during any appeal therefrom), the Discovery Material or testimony in question shall be treated as Confidential pursuant to this Order. The burden of establishing confidentiality is on the party that designated the material as Confidential.

22. If any person receiving Discovery Material covered by this Order (the "Receiver") is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (all, collectively, a "Demand"), and such Demand seeks Discovery Material which was produced or designated as Confidential by someone other than the Receiver, the Receiver shall (except as provided by law) give prompt

written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the person or party who produced or designated the material as Confidential. The Receiver shall not produce any of the Producing Party's Confidential Discovery Material, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party. If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the subpoenaed party that the Producing Party opposes production of its Confidential Discovery Material, the Receiver shall object to the subpoena or other demand, citing this Order, and thereafter, the Producing Party shall bear the burden of opposing the production of such documents, if the Producing Party deems such opposition appropriate. If, however, the return date of any such demand is less than ten (10) business days from the date the demand was received, written notice of the intent to disclose shall be given to the Producing Party—by facsimile, telephone, and e-mail—to its counsel within 48 hours after receipt. The Receiver shall reasonably cooperate with the Producing Party and not thereafter produce such Confidential Discovery Material, except as provided or required by law or pursuant to a Court order requiring compliance with the subpoena, demand, or other legal process. In the event that Confidential Discovery Material is produced to a non-party to this Order in response to a subpoena or document demand, such Discovery Material shall be subject to paragraph 13, above. Nothing contained herein shall be construed as requiring any party or non-party to challenge or appeal any order requiring the production of Confidential Discovery Material, or to subject itself to any penalties stemming from noncompliance with a legal process or order, or to seek any relief from this Court.

23. Nothing in this Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

13

FEB-14-2012 09:52 JUDGE LUDWIG P.04
Case 2:10-cv-05135-JFL Document 119 Filed 02/16/16 Page 17 of 19
Case 2:10-cv-05135-EL Document 64 Filed 02/14/12 Page 14 of 16

24. The production of any Discovery Material by any non-party to this Litigation shall be subject to and governed by the terms of this Order.

25. Any Producing Party may apply, upon reasonable expedited notice, to amend this Order. Any such application shall be served upon all other parties, who shall have ten (10) business days following receipt of service to respond to any such application. Any such amendment shall only be final upon the approval of the Court.

26. Neither this Order nor any party's or non-party's designation of Discovery Material as "Confidential" shall affect the admissibility into evidence of the Discovery Material so designed.

27. The rights and obligations contained herein shall survive the conclusion of the Litigation and shall survive the return and/or destruction of all Confidential Discovery Material.

It is so ordered.

Dated: Feb 14 2012

HON. EDMUND V. LUDWIG
United States District Judge

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLARK R. HUFFMAN** and **BRANDI K. WINTERS**, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIV. A. NO. 2:10-CV-05135 (EL)<br>)<br>)<br>)<br>)<br>)<br>) |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Name: _____

Company/Firm Affiliation: _____

Address: _____

I hereby certify that I have read the attached Protective Order ("Protective Order") entered in the above-referenced action (the "Litigation") and agree to be bound by its terms, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I acknowledge that I cannot use any of the Confidential Discovery Materials that are the subject of this Protective Order for any other purpose except this Litigation and the preparation and trial in this Litigation, or any related appellate proceedings, and not for any other purpose whatsoever. I will employ reasonable measures to control duplication of, access to, and distribution of Confidential Discovery Materials, as defined in the

Protective Order, and I will not make Confidential Discovery Materials available to or discuss them with, any person or persons not entitled to receive Confidential Discovery Materials.

Further, I understand and agree that damages for violation of the Protective Order are not an adequate remedy and that the appropriate remedy includes injunctive relief.

In addition, I agree that the United State District Court of the Eastern District of Pennsylvania has jurisdiction to enforce the terms of the Protective Order, and I consent to the personal jurisdiction of that Court in an action to enforce the terms of the Protective Order.

_____  _____
Signature                                                                                          Date