UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARK R. HUFFMAN;<br>PATRICIA L. GRANTHAM;<br>LINDA M. PACE; and<br>BRANDI K. WINTERS, *individually and*<br>*on behalf of a class of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br><br>Defendant. | No. 2:10-cv-05135 |

# **O R D E R**

**AND NOW,** this 29th day of January, 2018, upon consideration of the Plaintiffs' Motion to Amend/Correct the Orders Denying Class Certification, ECF No. 164, and the Response in opposition thereto, ECF No. 169, and for the reasons set forth in the opinion issued this date, it is **ORDERED** that Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. This Court hereby **CERTIFIES** a Rule 23(b)(3) Subclass defined as follows:

    All beneficiaries of ERlSA-governed employee benefit plans that were sponsored by J.P. Morgan Chase, Inc. or Con-Way, Inc., and that were insured by group life insurance contracts issued by Prudential that provided "Life Insurance is normally paid to the beneficiary in one sum," for whom Prudential established an "Alliance Account" between September 30, 2004, and October 31, 2011.

    Excluded from the subclass are beneficiaries of contracts that were sitused in Arkansas, Colorado, or Nevada, and beneficiaries who resided in Maryland.

2. The following claims will be resolved on a class basis:[1] (1) whether Prudential breached fiduciary duties under ERISA by paying benefits to Subclass members through Alliance Accounts; and (2) whether Prudential violated ERISA's prohibited transaction provisions by using Alliance Accounts to retain and invest funds due to Subclass members.

3. Plaintiffs' motion is **DENIED** with respect to the proposed Class.

4. Plaintiffs' counsel of record are **APPOINTED** class counsel.[2]

5. Parties shall confer and report to this Court their proposals for further proceedings **within fourteen days** of the date of this Order.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] Rule 23(c)(1)(B)'s requirement that a certification order "define the class and the class claims, issues, or defenses," means that order or an incorporated opinion must include "(1) a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernible, clear, and complete list of the claims, issues or defenses to be treated on a class basis." *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 187–88 (3d Cir. 2006).

[2] This Court determines that Plaintiffs' counsel of record have substantial experience in handling class actions of similar complexity, including class action suits involving similar claims under ERISA. Furthermore, Plaintiffs' counsel have ably represented Plaintiffs from the beginning of this litigation. Therefore, appointment as class counsel is appropriate.