UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CLARK R. HUFFMAN;
PATRICIA L. GRANTHAM;
LINDA M. PACE; and
BRANDI K. WINTERS, *individually and*
on behalf of a class of all others similarly situated,

Plaintiffs,
v.

No. 2:10-cv-05135

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

Defendant.

# OPINION AND ORDER

**Defendant's Motion to Stay Proceedings Pending Resolution of Rule 23(f) Interlocutory Appeal, ECF No. 176—Denied**
**Defendant's Motion in Limine to Preclude the Opinions and Testimony of Plaintiffs' Expert Chad Staller, ECF No. 166—Denied**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　**March 12, 2018**
**United States District Judge**

On January 29, 2018, this Court granted in part Plaintiffs' motion to alter or amend the Court's previous denials of class certification and certified a class for purposes of this ERISA action.[1] ECF No. 175. On February 12, 2018, Defendant The Prudential Insurance Company of America submitted a petition under Federal Rule of Civil Procedure 23(f) to the United States Court of Appeals for the Third Circuit seeking interlocutory review of this Court's decision to certify the class. *See* Ex. A to Prudential's Motion to Stay ("Mot. Stay"), ECF No. 176-1. Prudential then moved to stay further proceedings in this Court pending the Third Circuit's

---

[1] Because it writes for the parties, this Court assumes familiarity with the underlying facts of this case.

decision with respect to the Rule 23(f) petition. ECF No. 176. Plaintiffs filed a response ("Pls.' Resp."), ECF No. 177, and a subsequent notice of supplemental authority, ECF No. 178, advising this Court that the United States Court of Appeals for the Eleventh Circuit denied a Rule 23(f) petition to appeal class certification in *Owens v. Metro Life Ins. Co.*, a factually similar case pending in another district court. 2017 WL 6302384 (N.D. Ga. Sept. 29, 2017), *leave to appeal denied*, (11th Cir. Feb. 28, 2018). Prudential filed a reply in support of its motion. ECF No. 179. For the reasons discussed below, this Court denies Prudential's motion and will not stay proceedings. Additionally, because the previously-scheduled trial of the named Plaintiffs' claims has been postponed indefinitely following class certification, this Court denies Prudential's pending motion in limine, ECF No. 166, as not yet ripe, without prejudice to renew the motion at a later date.

I. **Motion for Stay**

Under Rule 23(f) of the Federal Rules of Civil Procedure, "[a] court of appeals may permit an appeal from an order granting or denying class certification," but "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). The Third Circuit has not yet adopted a standard to guide district courts ruling on motions to stay pending appeals under Rule 23(f). *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 411 (D. Del. 2010); *see also King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1797, 2015 WL 9244638, at *3 (E.D. Pa. Dec. 17, 2015) ("As best as I can tell, the Third Circuit has not yet articulated what standard district courts should apply when deciding motions to stay proceedings pending Rule 23(f) appeals."). Courts analyzing requests for stays pending Rule 23(f) petitions generally balance the same four factors they use to determine whether to issue a preliminary injunction: (1) the likelihood of the movant's success on the

2
031218

merits of the Rule 23(f) petition; (2) whether the movant will suffer irreparable harm if the stay is denied; (3) whether granting a stay will result in even greater harm to the nonmoving party; and (4) whether the public interest favors a stay. *Johnson*, 269 F.R.D. at 412 (citing *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). Like preliminary injunctions, which courts regard as "extraordinary relief," stays pending appeals under Rule 23(f) are not granted as a matter of course. *Id.* (citing *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000)).

To establish the first factor, the likelihood of success on the merits, a movant must demonstrate both the likelihood that the Court of Appeals will grant the Rule 23(f) petition and allow interlocutory appeal and the likelihood that the Court of Appeals will agree with the movant on the substantive merits. *Id.* As Plaintiffs point out, the Eleventh Circuit's recent decision not to grant the Rule 23(f) petition and allow interlocutory appeal in *Owens*, a case this Court has consistently recognized as factually similar to this case, suggests that Prudential will not succeed on the merits before the Third Circuit. This prediction finds further support in the Third Circuit's own standards for granting Rule 23(f) petitions. The Third Circuit considers a Rule 23(f) petition appropriate in three situations: (1) to address the "possible case-ending effect of an imprudent class certification decision," *i.e.*, where the decision is likely dispositive of the litigation; (2) to correct an erroneous ruling; or (3) where immediate appeal would "facilitate development of the law on class certification." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 165 (3d Cir. 2001). This case presents none of these three situations. Prudential's interlocutory appeal will not dispose of this litigation: even if the Third Circuit were to reverse this Court's decision to certify a class, the named Plaintiffs' claims would proceed. Prudential has not shown that this Court's ruling on class certification was erroneous, but instead

shows only that it disagrees with that ruling, which does not establish likelihood of success on the merits. *See Johnson*, 269 F.R.D. at 413 (holding that movant's disagreement with the decision to certify a class did not establish likelihood of success on the merits). Nor does Prudential's petition present a novel question of law that facilitates the development of the law on class certification. The alleged "issues of first impression" that Prudential identifies[2] pertain to this Court's decision to grant summary judgment— not the decision to certify a class. But a Court of Appeals reviewing a Rule 23(f) petition considers only whether the certification order was proper and not any other order, "even where that order has some impact on another portion of Rule 23." *McKowan Lowe & Co. v. Jasmine, Ltd.*, 295 F.3d 380, 390 (3d Cir. 2002) (rejecting argument that "would have us stretch the limits of Rule 23(f) beyond Rule 23 certification questions"). Prudential raises no novel legal issues with respect to this Court's decision to certify the class. Prudential is unlikely to succeed on the merits, so the first factor weighs against granting a stay.[3]

---

[2] Prudential highlights two questions as issues of first impression: (1) the interpretation of a provision in an ERISA plan stating that benefits would "normally" be paid in "one sum," where the plan sponsor directed settlement by retained asset account and understood settlement by retained asset account to satisfy the "one sum" provision, and (2) consideration of whether an insurer was a fiduciary, and breached any fiduciary duty, where a plan sponsor or beneficiary directed settlement by retained asset account. Mot Stay 4. This Court resolved both of these issues on summary judgment, not in its certification order.

[3] Previous courts in the Third Circuit have considered data submitted by the parties showing the statistical likelihood of the Third Circuit granting a Rule 23(f) petition. *See King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-CV-1797, 2015 WL 9244638, at *4 (E.D. Pa. Dec. 17, 2015) (considering statistical evidence submitted by parties). Prudential and the Plaintiffs both cite a study presenting similar evidence. John H. Beisner et al., *Study Reveals US Courts of Appeal Are Less Receptive to Reviewing Class Certification Rulings* (Apr. 29, 2014), http://www.skadden.com/insights/publications/2014/study-reveals-us-courts-of-appeal-are-less-recepti, Ex. 2 to Pls.' Resp., ECF No. 177-2. The data cited suggest that Prudential is not likely to prevail on the merits, because the Third Circuit likely will deny Prudential's Rule 23(f) petition: although the Third Circuit is the second-most receptive to granting Rule 23(f) petitions among the Courts of Appeals, from 2006 to 2013 it granted only 35.8 percent of Rule 23(f) petitions filed, a decrease from 86 percent from 1998 to 2006. *Id.*

Prudential argues that it can establish the second factor, irreparable harm, because without a stay, Prudential will incur the significant costs of conducting class discovery that would become moot if the Third Circuit reversed the decision to certify the class. Prudential suggests that class discovery will require reviewing more than a thousand beneficiary forms, claim files, written correspondence, and potentially audio files, as well as possibly deposing various beneficiaries. Mot. Stay 11. Courts appear split over whether litigation costs alone establish irreparable harm;[4] most, however, seem to find that "wasteful, unrecoverable, and possibly duplicative costs are proper considerations" to be balanced among others. *Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*, No. 3:13-CV-931-J-39JBT, 2015 WL 12979096, at *3 (M.D. Fla. Feb. 5, 2015) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974), for the proposition that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." ); *see also Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) ("Although monetary losses incurred in litigation are generally not considered irreparable harm, '[i]f defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless.'") (quoting *C.B.S. Employees Federal Credit Union v. Donaldson, Lufkin & Jenrette*, 716 F. Supp. 307, 310 (W.D. Tenn. 1989)). Class discovery in

---

[4] *Compare In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) ("Defendants do not claim any cognizable prejudice from having to proceed with discovery; litigation expenses alone do not necessarily qualify as irreparable harm.") *with Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014) ("Monetary losses that are not recoverable can constitute irreparable harm."). In almost any case with a pending interlocutory appeal, denying a stay and continuing with district court proceedings will present a risk of additional unrecoverable litigation costs; nevertheless, courts do not grant stays as a matter of course in the Rule 23(f) context. Therefore, this Court finds cases like *In re Lorazepam* persuasive and hesitates to find irreparable injury based on costs alone.

this case may impose substantial costs; however, all the potential class members are beneficiaries of Prudential plans, so Prudential should already possess all the required records and be able to identify the class members easily. The second factor therefore weighs moderately in Prudential's favor.

The third factor, potential harm to the nonmovant, weighs in favor of Plaintiffs. Granting a stay would prejudice the named Plaintiffs because it would further delay resolution of their claims, which have been pending for over seven years now. *See Johnson*, 269 F.R.D. at 413 (finding that stay would prejudice plaintiffs whose case had been pending for four years). Additionally, no decision by the Third Circuit will resolve the named Plaintiffs' claims: even if the Third Circuit reversed the decision to certify the class, the named Plaintiffs' claims would proceed to trial as previously planned before this Court granted class certification. *See id.* (finding risk of "substantial" prejudice to plaintiffs who would maintain individual causes of action even if certification reversed).

The fourth factor, the public interest, is neutral. On one hand, public interest favors the prompt resolution of Plaintiffs' claims in this over-seven-year-old litigation. But on the other, the public interest favors the *proper* resolution of this case, which might benefit from rulings by the Third Circuit. *See In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) (finding the public interest factor "unhelpful" where public interest favored both prompt resolution of litigation and proper resolution of issues that could be affected by decision of Court of Appeals).

In summary, a flexible balancing of the factors considered above reveals that denial of a stay would not impose irreparable harm as a matter of law and that the balance of harms favors neither side strongly in this case. Given that granting a stay pending an interlocutory appeal

6
031218

under Rule 23(f) is an extraordinary remedy, and that Prudential has not demonstrated a strong likelihood of success on the merits before the Third Circuit, this Court concludes that a stay is not warranted at this time. Prudential's motion to stay proceedings is denied.

## II. Prudential's Motion in Limine

Before this Court certified the subclass and in anticipation of trial, Prudential filed a motion to preclude the testimony of Chad L. Staller at trial. Because Prudential has submitted a pending 23(f) petition to the Third Circuit, the parties are just beginning discovery with respect to the certified class, and trial in this case is postponed indefinitely, Prudential's motion is not yet ripe, and this Court will deny it without prejudice and with leave to renew it when trial is rescheduled, in the event the parties cannot resolve the issues underlying the motion. *See Weintraub v. Bd. of Educ. of City of New York*, 489 F. Supp. 2d 209, 222 (E.D.N.Y. 2007) (denying motions in limine as not yet ripe where trial had to be postponed indefinitely pending interlocutory appeal of district court order), *aff'd sub nom. Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196 (2d Cir. 2010).

## III. Order

**ACCORDINGLY**, for the reasons stated above, **IT IS ORDERED THAT:**

1. Prudential's Motion to Stay Proceedings Pending Resolution of Rule 23(f) Interlocutory Appeal, ECF No. 176, is **DENIED**.

2. Prudential's Motion in Limine to Preclude the Opinions and Testimony of Plaintiffs' Expert Chad Staller, ECF No. 166, is **DENIED without prejudice**.

3. The parties shall submit class notice for approval by this Court **within fifteen (15) days** of the date of this Order.

4. Prudential shall produce the class list **within thirty (30) days** of the submission of the class notice for approval.

5. Plaintiffs shall mail notice to the class **within thirty (30) days** of this Court's approval of the notice.

6. All potential class members who wish to opt out shall do so **within forty-five (45) days** of the mailing of class notice.

7. The parties shall complete any class-wide discovery **within one hundred twenty (120) days** of the date of this Order.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge