IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARK R. HUFFMAN and<br>BRANDI K. WINTERS,<br>PATRICIA L. GRANTHAM,<br>and LINDA M. PACE,<br>individually and on behalf of all<br>others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　**Civ. Action No. 2:10-CV-05135-JFL**<br>:<br>:　**Document Filed Electronically**<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' UNOPPOSED MOTION TO GRANT PRELIMINARY APPROVAL OF SETTLEMENT, THE DISTRIBUTION PLAN, AND PROVIDE FOR NOTICE**

Plaintiffs' hereby move that the Court: (1) grant preliminary approval of the proposed Settlement Agreement and Distribution Plan [Exhibit D]; (2) schedule a final approval hearing; (3) approve the proposed form of notice; and (4) set a date for dissemination of notice and deadlines for Class Members to comment on the proposed settlement.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ John C. Bell, Jr.*
　　　　　　　　　　　　　　　　　　　　John C. Bell, Jr. (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Lee W. Brigham (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Bell & Brigham
　　　　　　　　　　　　　　　　　　　　Post Office Box 1547
　　　　　　　　　　　　　　　　　　　　Augusta, Georgia 30903-1547
　　　　　　　　　　　　　　　　　　　　(706) 722-2014 tel; (706) 722-7552 fax
　　　　　　　　　　　　　　　　　　　　john@bellbrigham.com
　　　　　　　　　　　　　　　　　　　　lee@bellbrigham.com

Cary L. Flitter
Andrew M. Milz
Flitter Milz, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0789 tel
(610) 667-0552 fax
cflitter@consumerslaw.com
amilz@consumerslaw.com

M. Scott Barrett
Admitted *Pro Hac Vice*
Barrett Wylie LLC
520 North Walnut Street (47404)
P.O. Box 5233
Bloomington, IN 47407-5233
(812) 334-2600 tel
(812) 336-5615 fax
scott@barrettwylie.com

Stuart T. Rossman
Admitted *Pro Hac Vice*
The National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010 tel
(617) 542-8028 fax
srossman@nclc.org

COUNSEL FOR PLAINTIFFS

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLARK R. HUFFMAN,　　　　　　　　　　:
BRANDI K. WINTERS,　　　　　　　　　　:
PATRICIA L. GRANTHAM,　　　　　　　　:
and LINDA M. PACE,　　　　　　　　　　 :
individually and on behalf of　　　　　　　　:
all others similarly situated,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiffs,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　: Civil Action No. 2:10-CV-05135-JFL
　　　　　　　　　　　　　　　　　　　　　:
THE PRUDENTIAL INSURANCE　　　　　　:
COMPANY OF AMERICA,　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　　　　　　 :

## DISTRIBUTION PLAN

1. Publicly-available information from Prudential's statutory financial statements, which will be provided in summary form by Prudential, shall be used to determine Prudential's enterprise-wide yield on invested assets for the fourth quarter of 2004, and for each calendar year from 2005 through 2017, and for the first half of 2018.

2. Prudential will provide the Settlement Administrator and Class Counsel one or more Excel spreadsheet(s), to the extent available:

   a. Name;

   b. Account Number (or claim number if no account number exists);

   c. Social Security Number;

   d. Most recent address in Prudential's database or the data base of Prudential's service provider (address, city, state, zip code); and

   e. Interest credited to each Class Member in his or her retained asset account from September 30, 2004, until July 1, 2018, and interest rates applied to the extent such

Class Member's account was open during that period.

f. This information which will be used by Class Counsel and the Settlement Administrator to determine the total amount of interest credited to the retained asset accounts of all Class Members from September 30, 2004, until July 1, 2018, together with the total interest credited to each Class Member's account during the period beginning September 30, 2004, through July 1, 2018 to the extent such Class Member's account was open during that period.

3. A Class Member's Individual Share of the net Settlement Fund will be determined by the Settlement Administrator as follows:

    a. A Class Member's Individual Share shall be that person's individual dollar share of the Net Settlement Fund as prorated based upon the Class Member's Disgorgement Amount (as calculated below) as a percentage of the Class-wide Disgorgement Amount from September 30, 2004, through July 1, 2018, and shall be computed as follows:

        (i) The Disgorgement Percentage shall be computed by taking the difference between the relevant Investment Yield and the interest rate credited to accounts of Class Members for each applicable period;

        (ii) The Disgorgement Amount shall be the Disgorgement Percentage multiplied by the balance of the relevant Class Member's account as reported in account statements; and

        (iii) The Class-wide Disgorgement Amount shall be the sum of all Class Members' Disgorgement Amounts.

    b. **De Minimis Rule:** Should the Individual Share of any Class Member be calculated to be less than $5.00, that Class Member will not receive a

payment.

4. Prudential will provide the spreadsheet(s) created as described above in Part 1 in native, electronic form to the Settlement Administrator and Class Counsel. Class Counsel and the Settlement Administrator will maintain the information on the spreadsheet(s) in confidence.

5. The Settlement Administrator will distribute to each Class Member by check that Class Member's Individual Share. Each check shall state on its face that the check will become void if not cashed or deposited within ninety (90) days of the date of issue of the check.

6. The Settlement Administrator shall endeavor to locate Class Members whose settlement checks are returned as undeliverable, and then to mail new checks to each of these Class Members whom the Settlement Administrator is able to locate.

7. The Settlement Administrator shall send a reminder letter to those whose checks have not been negotiated within fifty (50) days that reminds the Class Member that the check will become void if not promptly negotiated.

8. After at least ninety (90) days have passed from the date of mailing of the last checks, the Settlement Administrator shall calculate the net amount of unclaimed funds, prorate those funds among those Class Members whose checks have been negotiated based upon the formula set forth in paragraph 3 above, and mail checks to those Class Members in the newly prorated amount, with each check deemed to be void if not negotiated within ninety (90) days. Funds, if any, remaining after this second mailing will be deemed Unclaimed Funds. Unclaimed Funds will be distributed as ordered by the Court under the *cy pres* doctrine. No unclaimed, undelivered or uncashed funds will revert to Prudential.

9. The Court shall retain jurisdiction and authority to modify this Distribution Plan in order to resolve administrative issues and to assure prompt and fair distribution of the Net Settlement Fund to Class Members.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of **PLAINTIFFS' UNOPPOSED MOTION TO GRANT PRELIMINARY APPROVAL OF SETTLEMENT, THE DISTRIBUTION PLAN, AND PROVIDE FOR NOTICE** to be served upon opposing counsel on October 29, 2018, via electronic mail.

*s/ Lee W. Brigham*
COUNSEL FOR PLAINTIFFS
