# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLARK R. HUFFMAN,             :
BRANDI K. WINTERS,          :
PATRICIA L. GRANTHAM,     :
and LINDA M. PACE,          :
individually and on behalf of    :
all others similarly situated,    :
                            :

      Plaintiffs,            :
                            :

v.                            :     Civil Action No. 2:10-CV-05135-JFL
                            :

THE PRUDENTIAL INSURANCE   :
COMPANY OF AMERICA,      :
                            :

      Defendant.          :

## SETTLEMENT AGREEMENT

This agreement, dated October 29, 2018, (the "Agreement") is made and entered into by and among Plaintiffs Clark H. Huffman, Patricia L. Grantham, Linda M. Pace and Brandi K. Winters, individually and as court-designated Class Representatives (the "Representative Plaintiffs"), and Defendant The Prudential Insurance Company of America ("Prudential"), by and through their respective counsel, to settle and compromise the claims asserted by Representative Plaintiffs on behalf of the themselves and the Settlement Class in the above-captioned class action litigation (the "Litigation"), according to the terms and conditions herein and subject to approval by the above-captioned court (the "Court").

## I.    THE LITIGATION

### A.    Procedural Background

This Litigation is pending before the Honorable Judge Leeson in the United States District Court for the Eastern District of Pennsylvania.  The initial complaint was filed on

September 30, 2010.  On July 22, 2015, the operative Amended Complaint was filed, asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA") Sections 404(a) and 406(a) as well as a claim for common law breach of fiduciary duty.

On September 30, 2016, the Court denied certification of a class of beneficiaries of employee benefit plans who, from September 29, 2004 to the present, received an Alliance Account to settle their benefits under group life insurance contracts issued by Prudential which provided that "Life insurance is normally paid to the beneficiary in one sum".  Subsequently, the Representative Plaintiffs and Prudential filed cross-motions seeking summary judgment.   On December 7, 2017, the Court issued an order granting summary judgment in favor of the Representative Plaintiffs, finding a violation of ERISA Section 404(a) and ordering further proceedings on the appropriate remedy under this section, as well as to determine whether Prudential was liable under ERISA Section 406(a).  The Representative Plaintiffs subsequently filed a motion again seeking class certification.  By order dated January 29, 2018, the Court denied certification of a broader class but granted certification of a narrower class of beneficiaries receiving Alliance Accounts to settle their benefits under employee benefit plans sponsored by JPMorgan Chase, Inc. and Con-way, Inc., as defined below.

### B.     Certification of the Class

By Order of January 29, 2018, the Court certified a class defined as follows:

All beneficiaries of ERISA-governed employee benefit plans that were sponsored by J.P. Morgan Chase, Inc. or Con-Way, Inc., and that were insured by group life insurance contracts issued by Prudential that provided "Life Insurance is normally paid to the beneficiary in one sum," for whom Prudential established an "Alliance Account" between September 30, 2004, and October 31, 2011.

Excluded from the class are beneficiaries of contracts that were sitused in Arkansas, Colorado, or Nevada, and beneficiaries who resided in Maryland.[1]

Also excluded are the 24 persons who requested exclusion following receipt of the notice of class certification dated July 2, 2018. After these exclusions, there are 6,086 members of the class (hereinafter "Class Members"). This class is hereinafter denominated the "Class." Nothing in this Agreement shall be construed in any fashion, either directly or indirectly, as evidence or an admission by Prudential that the Class was properly certified. The Settling Parties agree that the provisions herein concerning certification of the Class shall have no effect whatsoever in the event that the Settlement does not become Final.

## II.    PRUDENTIAL'S DENIAL OF WRONGDOING AND LIABILITY

Prudential has denied, and continues to deny, all of the material factual allegations and legal claims asserted in this Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the litigation and maintains that the claims in this Litigation have no factual or legal merit. This Agreement is for settlement purposes only and shall have no precedential value in any future litigation. Prudential expressly denies any liability to any Class Member for any purpose and states that this Agreement was entered into solely for the purpose of settling and compromising disputed claims and to avoid the cost of litigation and for no other purpose. Prudential expressly preserves any and all defenses to any potential claims that are or may be filed by any non-settling Class Member.

---

[1] Dkt. 175, p. 1.

## III.  BENEFITS OF SETTLEMENT TO THE CLASS

Representative Plaintiffs allege that Prudential's settlement of life insurance benefits under two group life insurance contracts through the creation of a retained asset account known as an Alliance Account violated Prudential's alleged fiduciary duties under ERISA and further constituted a prohibited transaction under ERISA.

Although Representative Plaintiffs believe their claims have merit, after discovery and extensive motion practice Representative Plaintiffs fully appreciate the strengths and weaknesses of their claims and the attendant risks and uncertain outcome of the Litigation.  Representative Plaintiffs have also considered the expense and length of continued proceedings that would be necessary to prosecute their claims against Prudential through trial and appeal, as well as the difficulties and delays inherent in such litigation.  Based on their evaluation of all of these factors, and following vigorous, arms-length negotiations, and mediation under the auspices of the Court, Class Counsel have determined that this Agreement confers substantial benefits upon the members of the Class and is fair, reasonable, and in the best interests of the Class.

## IV.  TERMS AND AGREEMENT OF SETTLEMENT

It is agreed by and among the Settling Parties, by and through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Agreement, as follows:

1. **Definitions.**

As used in this Agreement, the following terms have the meaning specified below:

1.1.   "Action" means *Huffman v. The Prudential Insurance Co. of America*, Case No. 2:10-CV-05135 (JFL) (E.D. Pa.).

1.2.   "Alliance Account" means a retained asset account used to settle group life insurance benefits under employee benefit plans sponsored by JP Morgan Chase, Inc. and Con-way, Inc.

1.3.   "Class Counsel" means John C. Bell, Jr. and Leroy W. Brigham of Bell & Brigham, Stuart T. Rossman of the National Consumer Law Center, Cary Flitter of Flitter Milz, P.C. and M. Scott Barrett of Barrett Wylie, LLC.

1.4.   "Class Period" means September 30, 2004 through October 31, 2011.

1.5.   "Defendant" means Prudential.

1.6.   "Distribution Plan" means a plan or formula of allocation of the Net Settlement Fund in accordance with which the Net Settlement Fund shall be distributed to the Settling Plaintiffs.  Any Distribution Plan is not part of this Agreement and neither Defendant nor Released Defendant's Parties shall have any responsibility or liability with respect thereto.  The Distribution Plan shall be submitted herewith for approval by the Court.

1.7.   "Effective Date," or the date upon which the Settlement becomes "effective," means the date on which the Judgment substantially in the form of Exhibit A to this Agreement becomes final as a matter of law, which the parties hereby deem to be thirty-five (35) days after entry of the Judgment if no appeal is filed.  If an appeal is filed, the Effective Date shall be the date on which the final mandate is issued affirming the Judgment without modification or ten days after any appeal is discontinued or dismissed.

1.8.   "Exhibit" or "Exhibits" means the exhibits attached to this Agreement.

1.9.   "Net Settlement Fund" means the Settlement Fund less any amount(s) deducted in accordance with the provisions of this Agreement.

1.10.  "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization, and any other type of legal entity, and their spouses, heirs, successors, predecessors, representatives or assigns.

1.11.  "Released Claims" means all claims (including but not limited to "Unknown Claims"), demands, losses, rights, appeals, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Representative Plaintiffs, the Settling Plaintiffs, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant's Parties, which (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, (b) arise out of, are based on, or relate to the settlement of benefits through Alliance Accounts, or (c) are otherwise deemed released in accordance with the provisions of this Agreement. "Released Claims" does not, however, include claims to enforce this Agreement. For the avoidance of doubt,

this Settlement shall not release the claims of any Class Member under any insurance policies unrelated to this case.

1.12. "Released Defendant's Parties" means Prudential and its past, present, and future parents, subsidiaries, divisions, affiliates, predecessors, successors, insurers, stockholders, benefit plans, joint ventures, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, trustees, trustors, agents, attorneys, professionals, and any of their legal representatives, and the predecessors, heirs executors, administrators, successors, and assigns of each of the foregoing.

1.13. "Settlement" means the settlement embodied in this Agreement.

1.14. "Settlement Administrator" means American Legal Claims, agreed to by the parties and approved by the Court to perform the settlement administration duties described in this Agreement.

1.15. "Settlement Amount" means nine million dollars ($9,000,000).

1.16. "Settling Defendant" means Prudential and all affiliated companies, as defined herein.

1.17. "Settlement Fund" means a cash fund in the amount of the Settlement Amount funded by Prudential and held by the Settlement Administrator or other designated escrow agent subject to judicial oversight for purposes of making payments pursuant to this Agreement and any Distribution Plan.

1.18. "Settling Parties" means Settling Defendant, Representative Plaintiffs, Settling Plaintiffs.

1.19.   "Settling Plaintiffs" means plaintiffs Clark H. Huffman, Patricia L. Grantham, Linda M. Pace and Brandi K. Winters, and any members of the Class who have not made a valid and timely request for exclusion.

1.20.   "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Representative Plaintiffs or Settling Plaintiffs do not know or suspect to exist in his, her, or its favor at the time of their release of the Released Claims, and including, without limitation, those which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the settlement or the releases.  With respect to any and all Released Claims, the parties shall stipulate and agree that, upon the Effective Date, Representative Plaintiffs shall expressly waive, and each of the Settling Plaintiffs shall be deemed to have waived, and by operation of the judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Representative Plaintiffs, Class Counsel, and Defendant acknowledge, and the Settling Plaintiffs by operation of the judgment shall be deemed to have acknowledged, that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims, were separately bargained for and are material elements of the settlement.

2. **Preliminary Approval**

2.1.    Within seven (7) business days after execution of this Settlement Agreement, the Plaintiffs shall file a motion for preliminary approval of class settlement, with a proposed Order granting Preliminary Approval of the Settlement and Providing for Notice (the "Preliminary Approval Order"), substantially in the form of Exhibit B to this Agreement that:

2.1.1.    Preliminarily approves the settlement as set forth herein, subject to further hearing and determination under Fed.R.Civ.P. 23(e);

2.1.2.    Provides for written notice substantially in the form of Exhibit C hereto ("Settlement Notice"), which shall include the general terms of the Settlement set forth in this Agreement, any Distribution Plan, the general terms of any fee and expense application by Class Counsel (the "Fee and Expense Application"), and the date of the Settlement Hearing as defined below;

2.1.3.    Directs the Settlement Administrator to mail the Settlement Notice to members of the Class;

2.1.4.    Finds that the mailing pursuant to this Agreement constitutes the best notice practicable under the circumstances, and that the Settlement Notice fully satisfies the requirements of due process and the Federal Rules of Civil Procedure;

2.1.5.    Schedules a hearing to be held by the Court to determine whether the proposed Settlement should be granted final approval and to consider Class Counsel's application for fees and expenses and awards to the Representative Plaintiffs (the "Final Approval Hearing");

2.1.6.    Provides that any objection to the proposed Settlement and any papers submitted in support of said objection shall be received and considered by the Court at the Final Approval Hearing only if the objection, along with copies of any supporting papers, are filed with the Clerk of the Court and served on all counsel for all parties at least thirty (30) calendar days prior to the date set for the Settlement Hearing;

2.1.7.    Provides that the Released Claims of all Settling Plaintiffs shall be barred as of the entry of judgment;

2.1.8.    Provides that the Settlement Administrator, prior to the Settlement Hearing, shall make a filing confirming that it has provided any notice required by 28 U.S.C. § 1715; and

2.1.9.    Provides that the Settlement Hearing may be continued from time to time by Order of the Court, and without further notice to the Class.

## 3.  Notice, Objections, and Settlement Hearing

3.1.    It shall be solely Class Counsel's responsibility, in concert with the Settlement Administrator, to ensure that the Settlement Notice is disseminated to the Class in accordance with this Agreement and as ordered by the Court.  Class Members shall have no recourse as to Defendants or the Released Defendant's Parties with respect to any claims they may have that arise from any failure of the Settlement Administrator or Class Counsel to follow proper notice procedures.

3.2.    Within twenty-five (25) calendar days of the entry of the Preliminary Approval Order, the Settlement Administrator will send the Settlement Notice to all Class Members by first class U.S. mail to the person's last known address as it appears in records provided by

Prudential, as updated by the Settlement Administrator.  Class Members shall have forty-five (45) calendar days from the date that the Settlement Notice is mailed to object to any aspect of this Agreement (the "Objection Deadline").  A Class Member who intends to object must, on or before the Objection Deadline, submit a written objection that includes: the objector's name and address, evidence of membership in the Class, the basis for the objection, all arguments and authority supporting the objection, and any evidence supporting the objection.  A website shall also be established by the Settlement Administrator, working with Class Counsel, where documents and court orders related to the Settlement and other pertinent information may be posted for the Class to view.  In addition, the Settlement Administrator shall establish a toll-free telephone number to answer questions regarding the Settlement.

3.3.    An objection will be deemed submitted and will be considered by the Court only if it is post-marked by the Objection Deadline set forth in the Settlement Notice and mailed to the Court, to Class Counsel and to Prudential's Counsel (at the addresses provided in the Settlement Notice).  It is the responsibility of the objector to ensure proper mailing so as to make certain that the objection is timely received by the Court, Class Counsel and Prudential's counsel.

3.4.    The Class Member must also provide a statement whether the objector intends to appear at the Settlement Hearing, either with or without counsel.  If the objector intends to appear at the Settlement Hearing through counsel, his/her/its counsel must file a notice of appearance with the Court no later than ten (10) business days before the hearing.

3.5.    Prudential will provide a spreadsheet containing the name, last known address and social security number of each class member to the Settlement Administrator and Class Counsel within ten (10) calendar days after the entry of the order providing preliminary approval of this

Settlement. Class Counsel and the Settlement Administrator will maintain the information on the spreadsheet in confidence.

## 4. Final Judgment and Order of Dismissal

4.1.    Upon approval by the Court of the Settlement, a Final Judgment shall be entered by the Court, substantially in the form of Exhibit A hereto, which shall:

    4.1.1.    Approve the Settlement embodied in this Agreement as fair, reasonable and adequate to the Settling Plaintiffs;

    4.1.2.    Adjudge that the Class has been properly noticed in accordance with Rule 23;

    4.1.3.    Dismiss the Action against the Settling Defendant with prejudice and without costs to the parties;

    4.1.4.    Adjudge that the Settling Plaintiffs shall be deemed conclusively to have released any and all Released Claims;

    4.1.5.    Include an order on Class Counsel's Fee and Expense Application and for an award to the Representative Plaintiffs;

    4.1.6.    Reserve jurisdiction, without affecting the finality of the judgment entered, with regard to implementation of this Settlement, disposition of the Settlement Fund and enforcing and administering the Settlement.

    4.1.7.    Find that notice to the appropriate state and federal officials has been provided and that Prudential has satisfied its obligations pursuant to 28 U.S.C. § 1715.

**5.  The Settlement Payment**

5.1.    Within ten (10) business days of the entry of the Preliminary Approval Order, Class Counsel shall provide to Defendant all information necessary to effectuate a transfer of the Settlement Amount to the Settlement Fund, including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund.

5.2.    Within thirty (30) calendar days of entry of the Preliminary Approval Order, Prudential shall transfer or caused to be transferred the Settlement Amount to the Settlement Administrator or other designated escrow agent to be held in escrow pending final approval of the Settlement.  The Settlement Fund shall be held in escrow for purposes of making payments pursuant to this Agreement, any Distribution Plan, and the Preliminary Approval Order.

5.3.    Prudential's transfer of the Settlement Amount to the Settlement Fund shall be consideration for full and complete settlement and release of all of the Released Claims.

5.4.    Other than the obligation to transfer or cause to be transferred the Settlement Amount to the Settlement Fund, neither Defendant nor Defendant's Released Parties shall have any obligation to make any other payment to the Settlement Fund, the Settlement Administrator, Class Counsel, Representative Plaintiffs, or Settling Plaintiffs pursuant to this Agreement.

**6.  Settlement Fund & Escrow Account**

6.1.    Pursuant to this Agreement, an escrow account shall be created under the control of the Settlement Administrator or other designated escrow agent, subject to judicial oversight by this Court for the purpose of making payments to members of the Settlement Class according to the terms of this Agreement.

6.2.    All risks related to the distribution of the Settlement Fund in accordance with any Distribution Plan shall be borne by the Settlement Fund, and neither Defendant or Released Defendant's Parties shall bear any responsibility for, interest in, or liability whatsoever with respect to distribution decisions or the actions of the Settlement Administrator, or any transactions executed by the Settlement Administrator.  Representative Plaintiffs and the Settling Plaintiffs release Defendant and Released Defendant's Parties completely from any action, disputes, or liability with respect to the distribution, management, investment, or any other activities of the Settlement Administrator or any other Person involving any amounts held in Settlement Fund.

6.3.    The Settling Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" ("QSF") under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 CFR § 1.468B-1, *et seq.*, and will be administered by the Settlement Administrator as such.

6.4.    With respect to the QSF, the Settlement Administrator shall:

6.4.1.  open and administer a settlement account in such a manner as to qualify and maintain the qualification of the QSF under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1;

6.4.2.  satisfy all federal, state and local income and other tax reporting, return, and filing requirements with respect to the QSF and any interest or other income earned by the QSF; and

6.4.3.  satisfy out of the QSF all (i) taxes, including any estimated taxes, interest or penalties, with respect to the interest or other income earned by the QSF, and (ii) fees, expenses and costs incurred in connection with the

opening and administration of the QSF and the performance of its duties

and functions as described in this Agreement.

6.5.    The aforementioned taxes, fees, costs and expenses shall be treated as and

included in the costs of administering the QSF and as administration costs, and all costs and

expenses associated with all administrative, accounting, and tax compliance activities of the

Settlement Fund shall be deducted from the Settlement Fund.

6.6.    The Settling Parties and the Settlement Administrator shall treat the QSF as

coming into existence on the earliest date permitted as set forth in 26 CFR § 1.468B-1(j)(2)(i),

and such election statement, which shall be prepared by the Settlement Administrator and

executed by Defendant and the Settlement Administrator, shall be attached to the appropriate

returns as required by 26 CFR § 1.468B-1(j)(2)(ii).  The Settling Parties agree to cooperate with

the Settlement Administrator and one another to the extent reasonably necessary to carry out the

provisions of this section.  The Settlement Administrator shall indemnify Settling Defendant for

any penalty arising out of any error or incorrect calculation and/or interest with respect to any

late deposit of the same.

### 7.  Costs and Expenses

7.1.    All costs associated with the printing and mailing of the Settlement Notice and

any other tasks reasonably undertaken by the Settlement Administrator before Entry of the Final

Judgment and Order of Dismissal, regardless of whether the Agreement becomes final, shall be

deducted from the Settlement Fund.  Any amounts spent pursuant to this provision shall not be

subject to reimbursement to Prudential.

7.2.    Prior to distribution of any monies to Class Members, the Settlement

Administrator shall pay the following expenses out of the Settlement Fund:

7.2.1.  All notice costs, costs associated with payment of the settlement proceeds, and Settlement Administrator fees.  Notice costs shall include, *inter alia*, printing and mailing of the class settlement notice, and printing and mailing of notice under 28 U.S.C. § 1715, if the Settlement Administrator sends out the CAFA notices.

7.2.2.  Reimbursement of Class Counsel's reasonable costs and expenses in such sum as the Court approves.

7.2.3.  Class Counsel's fees and class representative payments in such sum as the Court approves.

7.3.    Any award of attorneys' fees and expenses to Class Counsel shall be paid solely from the Settlement Fund.  Prudential shall have no responsibility for payment of such fees or expenses.  The fairness and reasonableness of the settlement will be determined without regard to the payment of attorneys' fees and expenses, and no objection, motion, or appeal with respect to such fees or expenses shall affect the finality of any judgment approving the settlement or any release related thereto.  Prudential will take no position on attorneys' fees and expenses of Class Counsel.  Any attorneys' fees and expenses judicially awarded to Class Counsel shall be paid to Class Counsel no later than ten (10) business days after the Effective Date.

7.4.    Provided that this settlement receives the Court's final approval, any change in law arising after July 1, 2018, will not be relied upon by any party as a basis for refusing to carry out the terms of the Settlement set forth herein.

**8.  Release**

8.1.    Upon the Effective Date, Representative Plaintiffs shall, and each of the Settling Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

and forever released, relinquished, and discharged all Released Claims against Defendant and Released Defendant's Parties (including Unknown Claims). Claims to enforce the terms of this Agreement are not released.

8.2.    Upon the Effective Date, all Settling Plaintiffs and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against the Defendant and Released Defendant's Parties.

8.3.    Upon the Effective Date, if any Settling Plaintiff or Representative Plaintiff maintains a balance in an Alliance Account, Prudential will continue to administer the account, guarantee the balance, and credit interest in accordance with the relevant account agreement. Prudential shall be free to invest the funds associated with the account and may make more income investing the funds than the interest it credits to the account. As was always the case, the account holder may choose to close the Alliance Account at any time or keep it open. For the avoidance of doubt, all claims relating to the settlement of benefits via retained asset account, including but not limited to claims relating to Alliance Accounts that maintain a balance after the Effective Date, shall be deemed Released Claims.

9. **Distribution of the Settlement Fund**

9.1.    Within ten (10) business days of the deposit of the Settlement Amount by the Settlement Fund, the Settlement Administrator shall pay the estimated costs associated with dissemination of the class notice from the Settlement Fund to the Settlement Administrator, upon approval by Class Counsel.

9.2.    Within ten (10) business days of the Effective Date, the Settlement Administrator shall pay any attorneys' fees and expenses awarded by the Court's final approval order.

9.3.    Within ten (10) business days of the Effective Date, the Settlement Administrator shall pay any Class Representative payments awarded by the Court's final approval order.

9.4.    Within ten (10) business days of the Effective Date, the Settlement Administrator shall pay any remaining Settlement Administrator fees awarded by the Court's final approval order.

9.5.    The Settlement Administrator will distribute to each Settling Plaintiff by check that Settling Plaintiff's share of the Net Settlement Fund no later than thirty (30) calendar days after the Effective Date.  Each check shall state on its face that the check will become void if not cashed or deposited within ninety (90) calendar days of the date of issue of the check.

9.6.    The Settlement Administrator shall endeavor to locate Settling Plaintiffs whose settlement checks are returned as undeliverable, and then to mail new checks to each of these Settling Plaintiffs whom the Administrator is able to locate.

9.7.    The Settlement Administrator shall send a reminder letter to those whose checks have not been negotiated within fifty (50) calendar days from the date of issuance that reminds the Settling Plaintiff that the check will become void if not promptly negotiated.

9.8.    After at least ninety (90) calendar days have passed from the date of mailing of the last checks, the Settlement Administrator shall calculate the net amount of unclaimed funds, prorate those funds among those Settling Plaintiffs whose checks have been negotiated based upon the formula set forth in the Distribution Plan, and mail checks to those Settling Plaintiffs in the newly prorated amount, with each check deemed to be void if not negotiated within sixty (60) calendar days of the date of issuance.  All funds remaining after this second mailing will be

deemed Unclaimed Funds.  Unclaimed Funds will be distributed as ordered by the Court under the *cy pres* doctrine.  No unclaimed, undelivered or uncashed funds will revert to Prudential.

**10. Conditions of Settlement, Effect of Disapproval, Cancellation or Termination.**

10.1.   Should the Court order that the Parties shall provide an additional opportunity for Class Members to opt-out of the Settlement, Prudential shall have the right to terminate this Settlement and render it null and void in the event that Class Members representing a certain percentage of the Class exclude themselves as Settling Plaintiffs, as set forth in a separate agreement (the "Supplemental Agreement") executed between Representative Plaintiffs and Prudential, by and through their counsel.

10.2.   If the conditions of Settlement set forth in this Agreement are not satisfied, if the Court does not enter the Judgment provided for in this Agreement, or if the Court enters the Judgment and appellate review is sought and on such review such Judgment is materially modified or reversed, or, if one or more of the terms of the Settlement Agreement is not approved or the Judgment with respect to one or more of such terms is materially modified or reversed, then this Agreement shall be canceled and terminated unless the Parties can agree within twenty (20) calendar days to amend this Agreement in such a manner as to resolve such issue.

10.3.   If the Effective Date does not occur, or if this Agreement is terminated or canceled pursuant to its terms, the parties to this Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of this Agreement except in respect to any monies expended pursuant to Court Order.

10.4.   In the event that this Settlement is disapproved, canceled, or terminated, the Settlement Administrator or other escrow agent shall return the Settlement Fund, less any non-

reimbursable amounts previously spent pursuant to Court Order, to Prudential within ten (10) business days of such disapproval, cancellation, or termination.

10.5.   No ruling by the Court denying in whole or part the requests by the Plaintiffs and Class Counsel for awards, costs and/or fees will be grounds for cancellation or termination of this Agreement.

## 11. Taxes

11.1.   The Parties make no representation as to any tax consequences of this Agreement.

11.2.   Each Class Member will be responsible for any tax consequences arising from, related to, or any way connected with the relief afforded to him, her or it under this Agreement.

11.3.   Payments mailed to Class Members shall be accompanied by a notice advising Class Members to consult with a tax advisor regarding the potential tax consequences of this Agreement.

## 12. Miscellaneous Provisions.

12.1.   The parties hereto agree to cooperate to the extent necessary to effectuate all terms and conditions of this Agreement.

12.2.   All exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein.

12.3.   The Parties agree that the consideration provided to the Settlement Class and the other terms of the Agreement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

12.4.   The Parties intend the Agreement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Agreement compromises claims that

are contested and will not be deemed an admission by any Party as to the merits of any claim, defense, or the certifiability of any class.

12.5.   This Agreement may be amended or modified only by written instrument signed by all parties or their successors in interest.

12.6.   This Agreement and the exhibits attached hereto constitute the entire agreement between the Settling Plaintiffs and the Settling Defendant.  The exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

12.7.   No party shall assert or pursue any action, claims or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure.

12.8.   Each counsel or other person executing this Agreement or any of its exhibits on behalf of any Party hereby warrants that such person has the full authority to do so.

12.9.   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

12.10. All of the terms of this Agreement shall be governed by and interpreted in accordance with the laws of the United States and the State of New Jersey.

12.11. All parties shall use their best efforts to perform all of the terms of this Agreement and to execute all documents necessary to carry out its purpose and effect.

12.12. Except as expressly provided for in this Agreement, each party will bear its own costs and fees.

12.13. This Agreement shall be considered to have been negotiated, executed, and delivered in the State of New Jersey, and its terms shall be construed in accordance with, and governed by, the internal, substantive laws of New Jersey without giving effect to its choice-of-law principles.   The parties agree that the U.S. District Court for the Eastern District of

Pennsylvania shall retain jurisdiction over the Action for settlement purposes with respect to (a) matters relating to the approval of the settlement, the approval of any requests for attorney's fees and expenses, the approval of any plaintiff service award, and ruling on any opt-out requests; (b) the administration of the Settlement; and (c) such matters as to which continuing jurisdiction is required to effectuate the Settlement. Subject to the foregoing and the provisions of this paragraph, however, the parties agree that any litigation brought separately by any Class Member after this settlement has become final and fully executed that addresses the Class Member's individual rights and obligations arising out of this Settlement Agreement shall be litigated, if necessary, in the state or federal courts of the State of New Jersey, and the parties each agree to submit to personal jurisdiction in the State of New Jersey and to venue in the Essex County, New Jersey for purposes of any such litigation.

12.14. None of the Parties, or their respective counsel, will be deemed the drafter of this Agreement or its exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Parties as the drafter thereof.

12.15. Neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Agreement, is or may be construed as either a finding by the Court or an admission by Prudential of any fault, wrongdoing or liability whatsoever.

12.16. Prudential may file this Agreement or any order and final judgment related to this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.17. The negotiations during the mediation and creation of this Agreement are confidential except to the extent disclosure is required by law or a court, or to enforce or effectuate its items.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed by their duly authorized attorneys, as of the day and year first set forth.

This 29th day of October, 2018.

Attorneys for Plaintiffs

John C. Bell, Jr.
Lee W. Brigham
Bell & Brigham
PO Box 1547
Augusta, GA  30903-1547

Cary L. Flitter
Flitter Lorenz, PC
450 N. Narberth Ave., Suite 101
Narberth, PA  19072

M. Scott Barrett
Barrett Wylie, LLC
PO Box 5233
Bloomington, IN  47407-5233

Stuart T. Rossman
The National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA  02110

Attorneys for Defendant

Maeve O'Connor
Edwin G. Schallert
Susan Reagan Gittes
Debevoise & Plimpton
919 Third Avenue
New York, NY  10022

James O. Fleckner
Alison V. Douglass
Goodwin Procter LLP
Exchange Place, 53 State Street
Boston, MA  02109-2881

Martin C. Bryce, Jr.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103

Donald E. Wieand
Stevens & Lee
840 W. Hamilton Street, Suite 521
Allentown, PA  18101

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLARK R. HUFFMAN,      :
BRANDI K. WINTERS,      :
PATRICIA L. GRANTHAM,    :
and LINDA M. PACE,      :
individually and on behalf of    :
all others similarly situated,    :
               :
   Plaintiffs,       :
               :
v.              :   Civil Action No. 2:10-CV-05135-JFL
               :
THE PRUDENTIAL INSURANCE  :
COMPANY OF AMERICA,    :
               :
   Defendant.      :

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court on the application of the parties for final approval of the Settlement set forth in the Settlement Agreement, dated October 29, 2018, ("Agreement") (Dkt. ___), and the Distribution Plan (Dkt._____) and due and adequate notice having been given to the Class,[1] and the Court having considered all papers filed and proceedings had herein and otherwise being duly informed in the premises and good cause appearing therefore, it is this ___ day of _____, 2018, ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Class.

2. The mailing of individual notice to each individual class member as specified in this Court's prior order satisfies due process and Federal Rule of Civil Procedure 23.

3. ____ class members filed a formal objection to the Settlement and ____ class members appeared at the hearing to object to the Settlement.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

4.     The Court hereby approves the Settlement set forth in the Settlement Agreement and in the

Distribution Plan and finds that said Settlement, Settlement Agreement and Distribution Plan

are in all respects, fair, reasonable and adequate to all Class Members of the Class that

includes:

> All beneficiaries of ERISA-governed employee benefit plans that
> were sponsored by J.P. Morgan Chase, Inc. or Con-Way, Inc., and
> that were insured by group life insurance contracts issued by
> Prudential that provided "Life Insurance is normally paid to the
> beneficiary in one sum," for whom Prudential established an
> "Alliance Account" between September 30, 2004, and October 31,
> 2011.
>
> Excluded from the class are beneficiaries of contracts that were
> sitused in Arkansas, Colorado, or Nevada, and beneficiaries who
> resided in Maryland.

5.     The Class Members, including the Plaintiffs in this action and the members of the Class who

did not make a valid and timely request for exclusion from the Class, shall be deemed

conclusively to have released any and all Released Claims.  "Released Claims" means all

claims (including but not limited to "Unknown Claims"), demands, losses, rights, appeals,

and causes of action of any nature whatsoever, that have been or could have been asserted

in the Action or could in the future be asserted in any forum, whether foreign or domestic,

whether arising under federal, state, common, or foreign law, by representative Plaintiffs, the

Settling Plaintiffs, or their successors, assigns, executors, administrators, representatives,

attorneys, and agents, in their capacities as such, whether brought directly or indirectly

against any of the Released Defendant's Parties, which (a) arise out of, are based on, or relate

in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences,

representations, or omissions involved, set forth, alleged, or referred to, in the Action, or

which could have been alleged in the Action, (b) arise out of, are based on, or relate to the

settlement of benefits through Alliance Accounts, or (c) are otherwise deemed released in accordance with the provisions of the Settlement Agreement. "Released Claims" does not, however, include claims to enforce the Settlement Agreement. For the avoidance of doubt, the Settlement Agreement shall not release the claims of any Class Member under any insurance policies unrelated to this case.

6.    The application by Class Counsel for reasonable attorneys' fees is granted. Attorneys' fees in an amount of $_____ are hereby found to be reasonable and are awarded to Class Counsel. The application by Class Counsel for reimbursement of $_____ in expenses is granted.  Class Counsel shall recover such fees and expenses from the Settlement Fund as and in the manner described in the Settlement Agreement. The Court finds that $_____ shall be paid to each of the named Plaintiffs and Class Representatives, Clark R. Huffman, Brandi K. Winters, Patricia L. Grantham and Linda M. Pace, as incentive awards for their efforts in prosecuting this case. These awards shall be paid from the Settlement Fund as and in the manner described in the Settlement Agreement.

7.    Pursuant to the Settlement Agreement, the Settlement Fund shall bear all notice costs, costs associated with payment of the settlement proceeds, Settlement Administrator fees, Class Counsel's attorneys' fees and expenses, and incentive awards to the named Plaintiffs.

8.    This entire action is hereby dismissed with prejudice as to the Settled Claims of the Class Members, and without taxable costs to the parties.

9.    All necessary notices have been provided pursuant to 28 U.S.C. § 1715.

10.   The Court reserves jurisdiction, without affecting the finality of this Judgment, over:

    a.    Implementation of this Settlement;

    b.    Disposition of the Settlement Fund; and

-3-

c.      Enforcing and administering the Settlement Agreement.

IT IS SO ORDERED, this the _____ day of _____, 2018.


_____
Joseph F. Leeson, Jr.
United States District Judge

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLARK R. HUFFMAN,                          :
BRANDI K. WINTERS,                         :
PATRICIA L. GRANTHAM,                      :
and LINDA M. PACE,                         :
individually and on behalf of             :
all others similarly situated,            :
                                           :
       Plaintiffs,                :
                                           :
v.                                         :     Civil Action No. 2:10-CV-05135-JFL
                                           :
THE PRUDENTIAL INSURANCE                   :
COMPANY OF AMERICA,                        :
                                           :
       Defendant.                 :

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND NOTICE TO THE CLASS

       This Order is entered on the Motion to Grant Preliminary Approval of the proposed Class

Action Settlement and Notice to the Class.

       By Order of January 29, 2018, this Court certified a class defined as follows:

     All beneficiaries of ERISA-governed employee benefit plans that were sponsored by
     J.P. Morgan Chase, Inc. or Con-Way, Inc., and were insured by group life
     insurance contracts issued by Prudential that provided "Life Insurance is normally
     paid to the beneficiary in one sum," for whom Prudential established an "Alliance
     Account" between September 30, 2004, and October 31, 2011.

     Excluded from the class are beneficiaries of contracts that were sitused in Arkansas,
     Colorado, or Nevada, and beneficiaries who resided in Maryland.

Dkt. 175, p. 1

       Notice was in due course sent to each member of the Class in the manner directed by this

Court.[1]  Twenty-four Class Members requested exclusion.  The Court is informed that there are 6,086 members of the Class.

The parties have submitted a proposed settlement of this Class ("Settlement") and a proposed distribution plan ("Distribution Plan") to the Court and moved for preliminary approval of the Settlement and the Distribution Plan and for rulings on related matters.

The Court has reviewed the terms of the proposed settlement and the proposed Distribution Plan and has heard from Class Counsel and Defendant's Counsel.

It is HEREBY ORDERED:

1.      The proposed Settlement and the proposed Distribution Plan are hereby preliminarily approved.  The Court finds that the proposed Settlement and the proposed Distribution Plan are fair, reasonable, and adequate; are  the product of informed arm's-length  negotiation by counsel; and contain no obvious deficiencies that would prevent preliminary Court approval.  Accordingly, notice thereof should be given to the Class.

2.      The Court's preliminary approval of the Settlement shall be subject to further  consideration at a Fairness Hearing to be held before this Court on _____ at _____, in Courtroom _____ of The United States District Court for the Eastern District of Pennsylvania.  The Court will determine at or following the Fairness Hearing whether the proposed Settlement and the Distribution Plan are fair, reasonable, and  adequate and should be finally approved by the Court.  The Court will also determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel pursuant to Rule 23(h) of the Federal  Rules of Civil Procedure, and any awards to the named Plaintiffs as Class Representatives.  The Court may adjourn and/or reschedule the Fairness Hearing

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

without further notice to the Settlement Class other than by announcement at the Fairness Hearing.

3.      The Court approves the form and substance of the notice to the Settlement Class ("Notice"), that is attached to this Order.  The Court finds that the procedures established for Notice by the settlement agreement ("Settlement Agreement"), also attached to this Order, are the best practicable and are reasonably calculated, under all the circumstances, to apprise the Class of the proposed Settlement, afford any Class Member an opportunity to present any objections to the Settlement, and comply in all respects with Rule 23 of the Federal Rules of Civil Procedure and all the requirements of due process.  Consistent with applicable case law, the Court declines to permit an additional period for Class Members to request exclusion from the Settlement, as Class Members were permitted an opportunity to request exclusion in response to the notice of class certification dated July 2, 2018.

4.      American Legal Claims, LLC, is hereby appointed as Settlement Administrator, and shall be responsible for providing notice of the preliminarily approved Settlement in accordance with the provisions of the Settlement Agreement and this Order.  The Notice shall be mailed by the Settlement Administrator to all Class Members, by first-class mail, postage prepaid, no later than twenty-five (25) days after the entry of this Order.  The Notice shall be sent to all Class Members at their last known addresses, with address updating and verification by the Settlement Administrator in accordance with the Settlement Agreement.  Within ten (10) business days of entry of this Order, Prudential shall provide the Settlement Administrator with the addresses of any Class Members for whom Prudential has obtained updated information since notice of class certification was sent dated July 2, 2018.  At least seven (7) calendar days prior to the Fairness Hearing, the Settlement Administrator shall file with the Court proof of mailing of the Notice to all Class Members.

5.      By no later than forty-five (45) calendar days prior to the Fairness Hearing, Class Counsel

shall file their application for attorneys' fees and reimbursement of costs and expenses and shall promptly post their application at www.huffmanclassaction.com.

6.      All Class Members who file a valid and timely objection to the Settlement shall serve copies of all filed papers upon Class Counsel and Defendant's Counsel.  Objections shall be filed and served no later than forty-five (45) calendar days from the date the Notice is mailed.

7.      Any Class Member may appear at the Fairness Hearing, in person or  by counsel, and be heard to the extent allowed by the Court in opposition to the fairness, reasonableness, and adequacy of the Settlement, the proposed Distribution Plan, and the application for an award of attorneys' fees, costs, and expenses to Class Counsel.  Unless such  requirement is excused by the Court, no person shall be heard in opposition to the Settlement, the Settlement Agreement, or the application for an award of attorneys' fees, costs, and expenses to Class  Counsel unless, no later than thirty (30) calendar days before the Fairness Hearing, such person files with the Clerk of the Court a notice of intention to appear and provides a written statement that indicates all bases for objection, all documentation in support of  the objection, any legal authority supporting the objection, and a list of witnesses the  person may call to testify.  Copies of such notice, statement, and documentation, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and Defendant's Counsel.  Any Class Member who does  not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement.

8.      The Court reserves the right to adjourn and/or reschedule the Fairness Hearing without further notice of any kind to Class Members.  Therefore, any Class Member intending to attend the Fairness Hearing should, in addition to complying with all  instructions and requirements above, confirm the date, time, and location of the Fairness Hearing with Class Counsel.  Any order or notice

of scheduling changes shall be promptly posted at www.huffmanclassaction.com.

9.      If the Court grants final approval of the Settlement, all Class Members shall  be bound by all the provisions of the Settlement, Settlement Agreement, Distribution Plan, and all determinations and judgments in this case, including the Final Order and Judgment dismissing this case with prejudice.

10.      Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in this case are stayed, except as specifically provided for in this Order. If the Settlement is terminated, the Settlement is not finally approved by this Court, or the Effective Date does not occur for any reason, the stay of this case shall be lifted.  The parties shall, as soon thereafter as possible, request a new Scheduling Order from the Court.

11.      If the Settlement is finally approved by the Court, the Court shall retain exclusive jurisdiction over Plaintiffs, Prudential, the Class Members, and the case, in each case with respect to matters arising out of, or connected with, the Settlement, and may issue such orders as necessary to implement the terms of the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by Plaintiffs and Defendant, if appropriate, without further notice to the Class Members.

            SO ORDERED, this the _____ day of _____, 2018.


                                    _____
                                    Joseph F. Leeson, Jr.
                                    United States District Judge
                                    United State District Court
                                    For the Eastern District of Pennsylvania

Exhibit C

Huffman Class Action
c/o American Legal Claim Services, LLC
P.O. Box 23369
Jacksonville, FL 32241

Notice ID: «noticeid»
PIN: 243 094 172

ʰʸ⸜⸝⸍„æÅ⸍⸍⸍⸍⸍ꜛ
*Postal Service: Please do not mark barcode*

«name»
«addrline1»
«addrcity», «addrstate» «addrzip»

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARK F. HUFFMAN, BRANDI K. WINTERS, PATRICIA L. GRANTHAM, And LINDA M. PACE, individually and on Behalf of all others similarly situated, | : : : : : |
| Plaintiffs, | : Civil Action No. 2:10-CV-05135-JFL : |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : |
| Defendant. | : : |

## NOTICE OF CLASS ACTION SETTLEMENT

**TO:** Beneficiaries of employee benefit plans that were sponsored by JPMorgan Chase Bank, Inc. and Con-way, Inc. (the "Plans") and insured by The Prudential Life Insurance Company of America ("Prudential"), whose death benefits were paid using an Alliance Account instead of a check between September 30, 2004 and October 31, 2011.

A federal court authorized this notice.
**This is not a solicitation from a lawyer.**

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT, OR DON'T ACT. READ THIS NOTICE CAREFULLY.** These rights and options—and the deadlines to exercise them—are explained in this notice.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Do Nothing:** | You will be paid a *pro rata* share of the net settlement proceeds based upon "spread", in accordance with the Distribution Plan as long as your calculated distribution is not less than $5.00. Class members whose calculated distribution is less than $5.00 will not receive a distribution under this settlement. See section 4 of this notice for more details. |
| **Object:** | Write to the Court about why you don't like the settlement and do not want it approved. Act by _____, **2018.** See section 10 of this notice for more details. |
| **Go to a Hearing:** | Ask to speak in Court about the fairness of the settlement on _____, **2018** See section 12 of this notice for more details. |

- 1 -

| 1. | Why did I receive this notice? |
|----|--------------------------------|

You received this notice because it appears from Prudential's records that you are a member of the class that is covered by this lawsuit. Notice of this class action was recently mailed to you. Our records indicate that you did not ask to be excluded from this case. The Court directed that this notice be sent to you to inform you about a proposed settlement of this lawsuit and your rights and options.

| 2. | What is this lawsuit about? |
|----|-----------------------------|

This lawsuit concerns Prudential's use of retained asset accounts called "Alliance Accounts" to settle claims for life insurance benefits due under the Plans. A retained asset account is a method of settling claims in which an insurance company: (a) establishes an interest-bearing account through a bank for the beneficiary, (b) issues the beneficiary a book of blank drafts that resembles a checkbook to use to access the settlement amount, and (c) retains and invests the money owed to the beneficiary until it is called upon to transfer funds to the bank to cover drafts drawn on the account.

The Plaintiffs allege that Prudential's use of Alliance Accounts to settle claims is unauthorized because the applicable insurance policies provide that benefits will be paid to the beneficiary in "one sum" unless the beneficiary requests another form of payment, and allege that the practice is unfair because Prudential keeps for itself most of the profits it earns investing the money owed to the beneficiaries. The Plaintiffs further allege that the practice is improper because Prudential controls how much income it receives from the practice and does not disclose this income to the Plans. The Plaintiffs allege that these practices violate a federal law, the Employee Retirement Income Security Act of 1974 ("ERISA"), that requires persons who administer employee benefit plans to act in accordance with the plans' terms and solely in the interests of the plans' beneficiaries ("Count 1"), and prohibits plan administrators from earning compensation for their services unless certain requirements are met ("Count 2").

Prudential denies these allegations and contends that its conduct with respect to settling claims via Alliance Accounts was not governed by ERISA, was authorized by the Plans, and was lawful.

| 3. | What has happened so far in the case? |
|----|----------------------------------------|

The parties filed motions for summary judgment asking the Court to rule in their favor without a trial. The Court ruled in Plaintiffs' favor as to Count 1, denied both parties' motions as to Count 2, and ruled in Prudential's favor as to Count 3, which asserted that Prudential breached certain duties that it allegedly owed under state law. The Plaintiffs filed a motion for class certification asking the Court to allow them to represent other beneficiaries who were affected by Prudential's practices. The Court granted this motion in part and ruled that the Plaintiffs may represent a class ("Class") that consists of:

> All beneficiaries of ERISA-governed employee benefit plans that were sponsored by JPMorgan Chase Bank, Inc. or Con-way, Inc., and that were insured by group life insurance contracts issued by Prudential that provided "Life Insurance is normally paid to the beneficiary in one sum," for whom Prudential established an "Alliance Account" between September 30, 2004 and October 31, 2011. Excluded from the Class are beneficiaries of contracts that were sitused in Arkansas, Colorado, or Nevada, and beneficiaries who resided in Maryland.

Following the Court's rulings and its order setting the matter for trial, both sides agreed to this settlement. The Class Representatives and their attorneys think the settlement is in the best interests of all Class Members.

| 4. | What does the settlement provide? |
|----|-----------------------------------|

Prudential has agreed to pay Nine Million Dollars ($9,000,000.00) to settle the lawsuit. The settlement proceeds will be distributed to each class member based upon his or her share of the "spread" in accordance with the

Distribution Plan. The Distribution Plan defines the term "spread" as the difference between the amount of money that Prudential earned investing Class Members' life insurance proceeds and the amount of interest that Prudential credited to Class Members' Alliance Accounts. The amount payable to each Class Member will vary, depending on, among other things, the size of your life insurance benefit, how long your Alliance Account was open, the amount of interest credited to your Alliance Account, and the passage of time. Should the amount allocated to any Class Member be less than $5.00 (net of fees and expenses), that Class Member will not receive a payment.

The Settlement Agreement, the Distribution Plan and other papers, in both English and Spanish, can be found at www.Huffmanclassaction.com.

## 5.  When and where will the Court decide whether to approve the settlement?

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. The hearing will be held on [hearing date] at [hearing time] in Courtroom [hearing location], located at the Edward N. Cahn U.S. Courthouse & Federal Bldg., 504 W. Hamilton Street, Allentown, Pennsylvania 18101. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. At or after the hearing, the Court will decide whether to approve the settlement.

The Court has reserved the right to change the date and time of the Fairness Hearing without further notice to the Class. If you would like to attend the hearing, please check the website www.huffmanclassaction.com for any changes of the hearing date.

## 6.  How and when can I receive payment?

You need to do nothing. If the settlement is approved and your share of the settlement (net of fees and expenses) is $5.00 or more, a check will be mailed to you at this same address. If there is an appeal, then settlement checks will not be issued until the appeal is resolved and the order approving the settlement is approved by the appeals court.

## 7.  What if I currently have a balance in an Alliance Account?

If you currently have a balance in an Alliance Account, Prudential will continue to administer the account in accord with the account agreement. Prudential will continue to guarantee the balance and credit interest on that balance. Prudential will be free to invest the funds associated with that balance as it sees fit. Prudential may make more investment income using your funds than the interest that it pays to you. Part of this settlement includes a release of all claims relating to the rate of interest credited to Alliance Accounts. As was always the case, you may choose to close your Alliance Account or keep it open.

## 8.  Do I have a lawyer in this case?

The Court appointed John C. Bell, Jr., Esq., Lee W. Brigham, Esq., Cary L. Flitter, Esq., Stuart T. Rossman, Esq., and M. Scott Barrett, Esq. to represent you and other Class Members. These lawyers are called Class Counsel. You will not be personally charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 9.  How will the lawyers be paid?

Class Counsel will ask the Court to award attorneys' fees of no more than one-third of the settlement fund and to seek reimbursement of their expenses incurred to prosecute this action and administer this settlement in an amount no greater than One Hundred Ninety Thousand Dollars ($190,000.00) and to seek an incentive award of up to Five Thousand Dollars ($5,000.00) to each of the Class Representatives, all to be paid from the Settlement Fund. Attorneys' fees, expenses and incentive awards will be determined by the Court following a hearing and will be

based upon the evidence presented and legal principles that govern such awards.  The Court may award less than the amounts requested. Prudential has agreed not to oppose the application for attorneys' fees, expenses and incentive awards.

## 10.   How do I tell the Court if I don't like the settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement. Include your name, address, telephone number, and signature, and the reasons you object to the settlement. **DO NOT CALL THE COURT**.  Mail the objection to the Clerk of the Court, with a copy to Class Counsel and a copy to Prudential's counsel at the addresses listed below to be received no later than _____, 2018:

| | | |
|---|---|---|
| Clerk of Court | Class Counsel | Prudential's Counsel |
| Kate Barkman | John C. Bell, Jr. | Maeve O'Connor |
| James A. Byrne U.S. Courthouse | Bell & Brigham | Debevoise & Plimpton LLP |
| 601 Market Street | P.O. Box 1547 | 919 Third Avenue |
| Philadelphia, PA 19106 | Augusta, GA 30903 | New York, NY 10022 |

## 11.   Do I have to come to the hearing?

No, but you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court. As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but this is not necessary.

## 12.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear." Include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be received by _____ 2018, by the Clerk of the Court, Class Counsel, and Defendants' Counsel, at the three addresses noted in question 10.

## 13.   Are there more details about the settlement?

You may visit the website at www.Huffmanclassaction.com, where you will find copies of the Settlement Agreement and significant orders, as well as other information that may help you determine whether you are a Class Member and whether you are eligible for a payment. You may also call 1-800-XXX-XXXX toll free, or write to Huffman Class Action, c/o Settlement Administrator, P.O. Box 23369, Jacksonville, FL 3224.

The papers filed in this case are also available for inspection during business hours at the Office of the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, or on the internet at http://www.paed.uscourts.gov/.