UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARK R. HUFFMAN;<br>PATRICIA L. GRANTHAM;<br>LINDA M. PACE; and<br>BRANDI K. WINTERS, *individually and*<br>*on behalf of a class of all others similarly situated*,<br><br>Plaintiffs<br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br><br>Defendant | No. 2:10-cv-05135 |

# O R D E R

**AND NOW**, this 21st day of November, 2018, upon consideration of the parties' joint Motion to Grant Preliminary Approval of the Proposed Class Action Settlement and Notice to the Class, ECF No. 190, **IT IS ORDERED** as follows:

1.     The motion is **GRANTED** and this Court grants preliminary approval of the proposed Settlement and Distribution Plan. The Court finds that the proposed Settlement and the proposed Distribution Plan are fair, reasonable, and adequate.[1] Accordingly, notice thereof should be given to the Class.

---

[1]   On January 29, 2018, this Court certified a class defined as follows:

> All beneficiaries of ERlSA-governed employee benefit plans that were sponsored by J.P. Morgan Chase, Inc. or Con-Way, Inc., and that were insured by group life insurance contracts issued by Prudential that provided "Life Insurance is normally paid to the beneficiary in one sum," for whom Prudential established an "Alliance Account" between September 30, 2004, and October 31, 2011.
>
> Excluded from the subclass are beneficiaries of contracts that were sitused in Arkansas, Colorado, or Nevada, and beneficiaries who resided in Maryland.

2. This Court will hold a hearing on final approval of the settlement on **April 2, 2019, at 9:00 a.m.** at the Edward N. Cahn Courthouse and Federal Building, Courtroom C, Third Floor, 504 W. Hamilton Street, Allentown, PA 18101.[2]

3. The parties shall file their written submissions[3] in support of the settlement agreement—which shall include a response to any class member objections that are received— no later than **March 19, 2019**.

4. The Court concludes that the form and substance of the proposed notice to the Settlement Class ("Notice") and the procedures established are the best practicable under the circumstances[4] and **APPROVES** the proposed notice subject to the following modifications:

---

ECF No. 175. Notice was sent to each member of the Class; the parties report that twenty-four class members requested to be excluded and that 6,086 class members remain.

At this stage, "[t]he judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *In re Nat'l Football League Players Concussion Injury Litigation*, 775 F.3d 570, 582 (3d Cir. 2014) (quoting *Manual for Complex Litigation* § 21.632); *see* Fed. R. Civ. P. 23(e)(2) (providing that a court may approve a proposed settlement of the claims of a certified class only after "finding that it is fair, reasonable, and adequate"). In this case, the settlement the parties have proposed "appears to fall within the range of possible approval." *In re Nat'l Football League Players' Concussion Injury Litig.*, 301 F.R.D. 191, 198 (E.D. Pa. 2014) (quoting *Mehling v. N.Y. Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007)). The parties, both represented by experienced and able counsel, have reached the proposed settlement after eight years of litigation, which included extensive discovery. Moreover, the proposed settlement promises a significant recovery for individual class members and appears to be the product of arm's-length negotiations between the parties.

[2] The Court will determine at or following the Final Approval Hearing whether the proposed Settlement and the Distribution Plan are fair, reasonable, and adequate and should be finally approved by the Court. The Court will also determine the amount of attorneys' fees and expenses that should be awarded to Class Counsel pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, and any awards to the named Plaintiffs as Class Representatives.

[3] If the parties agree, they many file a joint submission.

[4] Federal Rule of Civil Procedure 23(c)(2)(B) governs notice to classes certified under Rule 23(b)(3) and requires that the Court direct to class members "the best notice that is practicable under the circumstances, including individual notice to all members who can be

a. Section 10, entitled "How do I tell the Court if I don't like the settlement?" shall be revised to conclude "Mail the objection to the Clerk of Court at the address listed below, to be received no later than _____, 2019:" followed by the address of the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania.[5]

b. Section 12, entitled "May I speak at the hearing?" shall be revised to conclude "Your Notice of Intention to Appear must be received by _____, 2019, by the Clerk of Court."

5. This Court declines an additional period for Class Members to request exclusion from the Settlement, as Class Members were permitted an opportunity to request exclusion in response to the notice of class certification dated July 2, 2018.[6]

---

identified through reasonable effort." Notice by mail provides such "individual notice to all members" in accordance with Rule 23(c)(2), and where the names and addresses of the class members are easily ascertainable, individual notice through the mail is "clearly the 'best notice practical.'" *Fein v. Ditech Fin., LLC*, No. 5:16-CV-00660, 2017 WL 4284116, at *6 (E.D. Pa. Sept. 27, 2017) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-75 (1974)).

[5] The proposed notice requires objecting Class Members to mail three separate copies of their written objections: one to each of the parties and a third copy to the Court. This requirement imposes an unnecessary burden on objecting Class Members because the Clerk of Court will be instructed to file on the docket all objections that the Clerk receives, making them available to the attorneys for both sides through the Court's ECF system. *See Manual for Complex Litigation (Fourth)* § 21.633 (2004) (explaining that "[t]he notice of Final Approval Hearing should tell objectors to file written statements of their objections with the clerk of court").

[6] *See Pro v. Hertz Equip. Rental Corp.*, No. CV 06-3830(DMC), 2013 WL 12157826, at *4 (D.N.J. Mar. 18, 2013) ("The Court finds that the members of the class defined in the Class Certification Order who did not previously request to be excluded from the class are not entitled to a second opportunity to exclude themselves from the Class pursuant to Rule 23(e)(4).").

6.      American Legal Claims, LLC, is **APPOINTED** as Settlement Administrator, and shall be responsible for providing notice of the preliminarily approved Settlement in accordance with the provisions of the Settlement Agreement and this Order. The Notice shall be mailed by the Settlement Administrator to all Class Members, by first-class mail, postage prepaid, **within twenty-five days** of the date of this Order. The Notice shall be sent to all Class Members at their last known addresses, with address updating and verification to be performed by the Settlement Administrator in accordance with the Settlement Agreement. **Within ten business days** of the date of this Order, Prudential shall provide the Settlement Administrator with the addresses of any Class Members for whom Prudential has obtained updated information since notice of class certification was sent dated July 2, 2018. **No later than seven days** prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court proof of mailing of the Notice to all Class Members.

7.      Class Members shall postmark any objections to the settlement **within sixty days**[7] of the date the Notice is mailed.

8.      **No later than forty-five calendar days** prior to the Final Approval Hearing, Class Counsel shall file their application for attorneys' fees and reimbursement of costs and expenses and shall promptly post their application at www.huffmanclassaction.com.

9.      Any Class Member may appear at the Final Approval Hearing, in person or through counsel, and be heard to the extent allowed by the Court in opposition to the fairness,

---

[7]     The parties proposed to give the potential class members forty-five days, but "60–90 days [are] preferred" to allow time "for re-mailings, fulfillment of requests for more information, and consideration of rights and options" by the class members. *See* Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 4 (2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

reasonableness, and adequacy of the Settlement, the proposed Distribution Plan, and the application for an award of attorneys' fees, costs, and expenses to Class Counsel. Absent leave of Court, no person shall be heard in opposition to the Settlement, the Settlement Agreement, or the application for an award of attorneys' fees, costs, and expenses to Class Counsel unless, **no later than thirty calendar days** before the Final Approval Hearing, such person files with the Clerk of the Court a notice of intention to appear and provides a written statement that indicates all bases for objection, all documentation in support of the objection, any legal authority supporting the objection, and a list of witnesses the person may call to testify.

10. The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind to Class Members. Therefore, any Class Member intending to attend the Final Approval Hearing should, in addition to complying with all instructions above, confirm the date, time, and location of the Final Approval Hearing with Class Counsel. Any order or notice of scheduling changes shall be posted promptly at www.huffmanclassaction.com.

11. If this Court grants final approval of the Settlement, all Class Members shall be bound by all the provisions of the Settlement, Settlement Agreement, Distribution Plan, and all determinations and judgments in this case, including the Final Order and Judgment dismissing this case with prejudice.

12. Pending the final determination of whether the Settlement should be approved, all proceedings and discovery in this case are **STAYED**, except as specifically provided for in this Order. If the Settlement is terminated, the Settlement is not finally approved by this Court, or the Effective Date does not occur for any reason, the stay of this case shall be lifted. The parties shall, as soon thereafter as possible, request a new Scheduling Order from the Court.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge