# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLARK R. HUFFMAN,
BRANDI K. WINTERS,
PATRICIA L. GRANTHAM,
and LINDA M. PACE,
individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.

Civil Action No. 2:10-CV-05135-JFL

FILED
APR - 5 2019
KATE BARKMAN, Clerk
By _____ Dep. Clerk

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter having come before the Court on the application of the parties for final approval of the Settlement set forth in the Settlement Agreement, dated October 29, 2018, ("Agreement") (ECF No. 190-1), and the Distribution Plan (ECF No. 190 at 4-6) and due and adequate notice having been given to the Class,[1] and the Court having considered all papers filed and proceedings had herein and otherwise being duly informed in the premises and good cause appearing therefore, it is this 2nd day of April, 2019, ORDERED, ADJUDGED AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the Class.

2. The mailing of individual notice to each individual class member as specified in this Court's prior order satisfies due process and Federal Rule of Civil Procedure 23.

3. No class members filed a formal objection to the Settlement and no class members appeared at the hearing to object to the Settlement.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

4. The Court hereby approves the Settlement set forth in the Settlement Agreement and in the Distribution Plan and finds that said Settlement, Settlement Agreement and Distribution Plan are in all respects, fair, reasonable and adequate to all Members of the Class that includes:

> All beneficiaries of ERISA-governed employee benefit plans that were sponsored by J.P. Morgan Chase, Inc. or Con-Way, Inc., and that were insured by group life insurance contracts issued by Prudential that provided "Life Insurance is normally paid to the beneficiary in one sum," for whom Prudential established an "Alliance Account" between September 30, 2004, and October 31, 2011.
>
> Excluded from the class are beneficiaries of contracts that were sitused in Arkansas, Colorado, or Nevada, and beneficiaries who resided in Maryland.

5. The Class Members, including the Plaintiffs in this action and the members of the Class who did not make a valid and timely request for exclusion from the Class, shall be deemed conclusively to have released any and all Released Claims. "Released Claims" means all claims (including but not limited to "Unknown Claims"), demands, losses, rights, appeals, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by representative Plaintiffs, the Settling Plaintiffs, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Released Defendant's Parties, which (a) arise out of, are based on, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action, or which could have been alleged in the Action, (b) arise out of, are based on, or relate to the settlement of benefits through Alliance Accounts, or (c) are otherwise deemed released in

accordance with the provisions of the Settlement Agreement. "Released Claims" does not, however, include claims to enforce the Settlement Agreement. For the avoidance of doubt, the Settlement Agreement shall not release the claims of any Class Member under any insurance policies unrelated to this case.

6. The application by Class Counsel for reasonable attorneys' fees is granted. Attorneys' fees in an amount of $3,000,000.00 are hereby found to be reasonable and are awarded to Class Counsel. The application by Class Counsel for reimbursement of $67,763.00 in expenses is granted. Class Counsel shall recover such fees and expenses from the Settlement Fund as and in the manner described in the Settlement Agreement. The Court finds that $5,000.00 shall be paid to each of the named Plaintiffs and Class Representatives, Clark R. Huffman, Brandi K. Winters, Patricia L. Grantham and Linda M. Pace, as incentive awards for their efforts in prosecuting this case. These awards shall be paid from the Settlement Fund as and in the manner described in the Settlement Agreement.

7. Pursuant to the Settlement Agreement, the Settlement Fund shall bear all notice costs, costs associated with payment of the settlement proceeds, Settlement Administrator fees, Class Counsel's attorneys' fees and expenses, and incentive awards to the named Plaintiffs.

8. This entire action is hereby dismissed with prejudice as to the Settled Claims of the Class Members, and without taxable costs to the parties.

9. All necessary notices have been provided pursuant to 28 U.S.C. § 1715.

10. The Court reserves jurisdiction, without affecting the finality of this Judgment, over:

   a. Implementation of this Settlement;

   b. Disposition of the Settlement Fund; and

   c. Enforcing and administering the Settlement Agreement.

IT IS SO ORDERED, this the 4th day of April, 2019.

/s/ Joseph F. Leeson, Jr.
Joseph F. Leeson, Jr.
United States District Judge