UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

CLARK R. HUFFMAN, BRANDI K.         :
WINTERS, PATRICIA L. GRANTHAM,      :
and LINDA M. PACE, individually and :
on behalf of all others similarly situated, :
                Plaintiffs,   :
                              :
        v.                        :   No. 2:10-cv-05135
                              :
THE PRUDENTIAL INSURANCE           :
COMPANY OF AMERICA,                 :
                Defendants.   :
_____

**O P I N I O N**
Plaintiffs' Request for Reissuance of Five Settlement Checks and Motion for Approval of
*Cy Pres* Distribution, ECF Nos. 198-99—GRANTED

**Joseph F. Leeson, Jr.**                                                                           **August 6, 2020**
**United States District Judge**

I.      **INTRODUCTION & BACKGROUND**

        Plaintiffs, who are beneficiaries of life insurance policies obtained by deceased family members, commenced this class action against Prudential Insurance Company of America ("Prudential") in 2010.  *See* ECF No. 1.  They alleged that Prudential's default practice of distributing policy benefits, which involved opening a bank account upon which beneficiaries could draw checks—and which, crucially, allowed Prudential to retain and invest the benefits until drawn upon by beneficiaries—violated provisions of the Employee Retirement Income Security Act ("ERISA") and state law.  *See id*.  In 2019, the Court approved settlement of the

suit's outstanding claims,[1] *see* ECF No. 196, which included creation of a $9,000,000 settlement fund to be paid out in two distributions, and which directed unclaimed funds to be "distributed as ordered by the Court under the *cy pres* doctrine" with "[n]o unclaimed, undelivered, or uncashed funds [ ] revert[ing] to Prudential" ("the Settlement Agreement").  ECF No. 190-1 ¶ 9.8.

On June 15, 2020, Plaintiffs formally moved for Court approval of a *cy pres* distribution of unclaimed settlement funds.  *See* ECF No. 198.  According to Plaintiffs, the "[t]wo distributions have been made, and after the deduction of fees and expenses, only $39,922.99 remains in the settlement fund.  This amount represents less than 0.5% of the original $9 million settlement fund." *Id*. at 1.  "Pursuant to the parties' Settlement Agreement, Plaintiffs move this Court to allow the distribution of the remaining unclaimed funds to two nonprofit organizations in equal one-half portions to Pennsylvania Legal Aid Network, Inc. ("PLAN"), and Justice in Aging." *Id*. at 2.

Shortly after moving for *cy pres* distribution, Plaintiffs filed a supplemental memorandum in which they state that five different class members had contacted the Settlement Administrator requesting reissuance of settlement checks that had not been cashed for various reasons.  *See* ECF No. 199.  In this supplemental memorandum, Plaintiffs request that these five checks, totaling $13,681.51, be reissued, and the remaining balance of unclaimed funds—$26,241.48—be distributed to the two *cy pres* beneficiaries PLAN and Justice in Aging.  *See id*. at 3.  Prudential has not to date filed any opposition to Plaintiffs' request for *cy pres* distribution.

---

[1]   In 2017, the Court granted, in part, Plaintiffs' partial motion for summary judgment.  *See generally, Huffman v. Prudential Ins. Co. of Am.*, No. 2:10-CV-05135, 2017 WL 6055225 (E.D. Pa. Dec. 7, 2017).

After consideration of Plaintiffs' filings, and for the reasons discussed herein, Plaintiffs' request to reissue five settlement checks, and their motion for *cy pres* distribution as proposed, are both granted.

## II.   LEGAL PRINCIPLES:  THE *CY PRES* DOCTRINE

In a class action, it is not always possible to distribute the entire settlement fund to class members.  *See In re Baby Products Antitrust Litig.*, 708 F.3d 163, 168 (3d Cir. 2013).  For example. "[m]oney may remain unclaimed if class members cannot be located, decline to file claims, have died, or the parties overestimate the amount projected for distribution for some other reason." *Id.*  In such circumstances, the *cy pres* doctrine—the title of which "is derived from the Norman French expression *cy pres comme possible,* which means 'as near as possible,'"—may be used to direct excess funds to a third-party for a purpose related to the class injury.  *Id*. (quoting *Democratic Cent. Comm. v. Washington Metro. Area Transit Comm'n,* 84 F.3d 451, 455 n.1 (D.C.Cir. 1996)).  In the normal *cy pres* scenario, "parties may seek to 'distribute to a nonparty (or nonparties) the excess settlement funds for their next best use—a charitable purpose reasonably approximating the interests pursued by the class.'"[2]  *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316, 327 (3d Cir. 2019) (quoting *In re Baby Products*, 708 F.3d at 169).

"[M]any federal courts, the media, academia, and even the Chief Justice of the United States view *cy pres* awards with skepticism" because, "[a]mong other things, they 'present a potential conflict of interest between class counsel and their clients,'" in that they "'may increase a settlement fund, and with it attorneys' fees, without increasing the direct benefit to the class.'"

---

[2]   Customarily, the parties propose, and then the court selects one or more charitable organizations.  *See In re Baby Prod. Antitrust Litig.*, 708 F.3d at 180 n.16.

*In re: Google Inc.*, 934 F.3d at 327 (quoting *In re Baby Products*, 708 F.3d at 173). Nevertheless, the Third Circuit has held that "a district court does not abuse its discretion by approving a class action settlement agreement that includes a *cy pres* component directing distribution of excess settlement funds to a third party to be used for a purpose related to the class injury." *In re Baby Products*, 708 F.3d at 172. The Third Circuit "caution[s], however, that direct distributions to the class are preferred over *cy pres* distributions." *Id*. at 173.

In response to concerns over *cy pres*, the American Law Institute ("ALI") has issued guidelines limiting *cy pres* distributions to instances where further individual distributions are infeasible:

> If the settlement involves individual distributions to class members and funds remain after distributions (because some class members could not be identified or chose not to participate), the settlement should presumptively provide for further distributions to participating class members unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

*In re Baby Products*, 708 F.3d at 173 (quoting American Law Institute, Principles of the Law of Aggregate Litig. § 3.07(b)). Additionally, a *cy pres* provision must be part of the court's determination "whether the compromises reflected in the settlement, including terms relating to the allocation of settlement funds, are fair, reasonable, and adequate when considered from the perspective of the class as a whole." *In re Baby Products*, 708 F.3d at 173-74.

### III. ANALYSIS

#### A. Reissuance of checks to five class members is reasonable and consistent with the law and the terms of the Settlement Agreement

The Court first addresses the second of Plaintiffs' two requests: that the Court approve reissuance of five settlement checks to five different class members totaling $13,681.51. The

Court finds Plaintiffs' request to be reasonable under and consistent with the applicable law and the terms of the Settlement Agreement.  The Court therefore grants Plaintiffs' request.

First, "direct distributions to the class are preferred over *cy pres* distributions." *In re Baby Products*, 708 F.3d at 173.  It is therefore preferred that as much of the remaining unclaimed settlement funds be distributed to individual class members as possible, supporting the reissuance of the five checks.

Second, the specific amounts of funds Plaintiffs seek to have reissued are supported by a sworn declaration of a representative of the Settlement Administrator, American Legal Claim Services ("ALCS").  *See* ECF No. 199-2.  In particular, the representative of ALCS, Jeffrey Pirrung, states that "ALCS has recently received the following five requests from class members to have their expired checks reissued," and his declaration contains the following chart:

| Class Member | Date of Request | Check No. | Amount |
|---|---|---|---|
| Carolyn DeLecour | 6/11/2020 | 2191295 | $9,068.15 |
| Phyllis Cruise | 6/22/2020 | 2196496 | $4,346.87 |
| Lucille Perkins | 6/22/2020 | 2196724 | $75.90 |
| Robert G. Dorusinec | 6/23/2020 | 2196609 | $95.21 |
| Jacqueline Goldklang | 6/24/2020 | 2196813 | $95.38 |
|  |  | **Total:** | **$13,681.51** |

*Id*. at 1-2.  Moreover, included with Mr. Pirrung's declaration is written correspondence from each of the five class members requesting reissuance of their settlement checks and explaining why each of the original checks went uncashed.  *See id*. at 3-9.

Finally, the Court agrees with Plaintiffs that the reissuance of these checks will not prejudice any of the parties or be inconsistent with the terms of the Settlement Agreement.  In particular, none of the funds will revert back to Prudential, as mandated by the Agreement.  Moreover, Plaintiffs will not seek to further prolong effectuation of the Settlement Agreement by seeking leave for any additional check reissuances:  Recognizing that "the request for replacement checks is somewhat belated," Plaintiffs state that as of June 25, 2020, the "window is closed"—*i.e.*, "Class Counsel would not henceforth entertain, nor seek leave of Court to permit, any further reissuance of checks to class members."  ECF No. 199 at 2.

For all of the above reasons, the Court finds reissuance of settlement funds to the above-five class members in the amounts requested is reasonable and consistent with both the law and the Settlement Agreement.  Plaintiffs' request in this respect is therefore granted.

**B.     *Cy pres* distribution as requested is reasonable and consistent with governing law and the terms and purpose of the Settlement Agreement**

Turning to Plaintiffs' request for *cy pres* distribution of unclaimed settlement funds, which, after reissuance of the five settlement checks, totals $26,241.48, the Court finds this request to be reasonable under both the law and the terms of the Settlement Agreement.  The Court therefore grants Plaintiffs' request for *cy pres* distribution as proposed.

First, the Settlement Agreement clearly contains a *cy pres* provision, *see* ECF No. 190-1 ¶ 9.8, and this Court previously found the Agreement, including its *cy pres* provision, to be "a fair, reasonable, and adequate resolution of this case" under the terms of Federal Rule of Civil Procedure 23.  ECF No. 196 at 16; *see In re Baby Products*, 708 F.3d at 173-74.

Second, the Court finds the factors set forth in *In re Baby Products*, which the Third Circuit has counseled courts to consider in deciding whether to grant *cy pres* distributions, weigh in favor of distribution here.  Most significantly, the amounts of unclaimed settlement funds

involved here are too small to make individual distributions economically viable.  *See id.* at 173.  Following reissuance of the five checks, the remaining $39,922.99 dwindles to $26,241.48, representing less than 0.3% of the original $9,000,000 settlement fund.  Even before the reduction of the unclaimed funds associated with the reissuances, Plaintiffs in their initial motion state as follows:  "Although the Settlement Agreement does not call for a third distribution, it bears note that such a distribution to the 2,233 class members who were sent a second check would yield—on average—only $18 per class member, before deducting administrative expenses."  ECF No. 198 at n.1.  The Court finds that after the reissuances, with this $18 figure even lower, there can be no doubt that the $26,241.48 in remaining funds is too small to make a third distribution to individual class members viable.

Next, after examining the funding letters from the executive directors of PLAN and Justice in Aging, which were submitted with Plaintiffs' initial motion, the Court agrees that "[t]hese nonprofits are best positioned to utilize the unclaimed funds for purposes related to the class, comprised of beneficiaries of ERISA-governed employee benefit plans."  ECF No. 198 at 2.  In particular, PLAN Executive Director Patrick M. Cicero, Esq. explains that PLAN is a client-centered organization that provides direct legal services for low income individuals and families in Pennsylvania.  *See id.*. Ex. B.  PLAN's network of "on-the-ground legal representation" covers all 67 counties in Pennsylvania.  *Id*. at 1.  Mr. Cicero agrees to use the *cy pres* funds for purposes related to the settlement of this class action—namely, "education, outreach, and representation on employment-related cases such as assisting with appeals of unemployment compensation cases and/or the representation of low income seniors."  *Id*. at 2.  As to Justice in Aging, Executive Director Kevin Prindiville explains that this organization is "the only national organization exclusively focused on using the power of the law to help poor

7
080620

seniors." *Id.*, Ex. C ¶ 3. Justice in Aging's network of online and in-person training services reaches "over 40,000 legal services and aging and disability professionals in all 50 states." *Id.* ¶ 5. Mr. Prindiville agrees to use the *cy pres* funds for the purpose of strengthening "educational efforts to promote income security for low-income older adults who receive Social Security and SSI benefits, and address elder financial exploitation." *Id.* ¶ 9.

Finally, although not dispositive, there has been no opposition from any party—either class members or Prudential—to the distribution.

For all of the above reasons, the Court finds approval of the *cy pres* distribution as proposed by Plaintiffs to be reasonable and consistent with both the applicable law and the Settlement Agreement, and Plaintiffs' request in this respect is therefore granted.

## IV.   CONCLUSION

For the reasons set forth herein, Plaintiffs' two requests—for leave to reissue five settlement checks to five different class members, and for leave to distribute remaining settlement funds pursuant to the *cy pres* provision contained in the Settlement Agreement—are granted.

A separate Order follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
